392 P.2d 297

The STATE of Arizona, Appellee,

v.

Tommy Okayma McGILBRY, Appellant.

No. 1292.

Supreme Court of Arizona,

In Division.

May 20, 1964.

Robert W. Pickrell, Atty. Gen., Philip M. Haggerty, Asst. Atty. Gen., and Charles N. Ronan, Maricopa County Atty., for appellee.

James T. Bialac, Phoenix, for appellant.

SHELLEY, Superior Court Judge.

The defendant, Tommy Okayma McGilbry, was charged, by information filed in the Superior Court of Maricopa County, with four felony counts; Counts 1 and 3 were for illegal possession of narcotic drug to-wit, marijuana; Counts 2 and 4 were for illegal sale of narcotic drug, to-wit, marijuana. The crimes charged in Counts 1 and 2 were alleged to have occurred on February 24, 1962, and the crimes charged in Counts 3 and 4 were alleged to have occurred on February 28, 1962.

At the end of the state's case, on motion of the state, the charges relating to posses-

sion, that is, Counts 1 and 3, were dismissed, and the defendant was thereafter convicted on the counts for illegal sale, Counts 2 and 4.

During the trial the defendant was represented by counsel, but he now appeals through different counsel and alleges fundamental error by the court in admitting certain testimony, even though no objection was made to the admission of said testimony by his counsel.

The testimony complained of consists of two parts, the first being that of the witness, state's agent George Tavizon, who testified: that as he approached the defendant's car on February 24 (the date of first sale), he saw the defendant trying to sell marijuana to two Mexicans; that the Mexicans then left and he got in the car with the defendant; that the defendant then told him that he had tried to sell marijuana cigarettes to the two Mexicans but they didn't have any money; then and there the sale to Tavizon by the defendant was completed.

The other portion of the testimony complained of was that of the arresting officer, Wayne Davis, who testified to a conversation between himself and the defendant at the time of the arrest about five days after the last sale, which was made on February 28, wherein the defendant protested to the arresting officer that he had not sold him any marijuana and further stated that he had tried to sell the arresting officer marijuana three or four days earlier at a bar, but that if the arresting officer had accepted the offer, he would have known he was a policeman, and besides, he would not have sold to him as he only sold to Mexicans and Negroes. By the wording used in his testimony and by his name, it would appear that agent George Tavizon is of Mexican origin. In any event he was in court, and the jury could judge if he could have passed for a Mexican.

It is contended that this testimony all pertained to other crimes and that none of it was admissible because it fails to come within the purview of the exceptions to the general rule against admitting evidence of other crimes.

The first incident occurred as Tavizon was approaching the defendant to make a purchase of marijuana. Defendant informed Tavizon of the attempted sale while he was discussing the sale which was consummated. The testimony of Tavizon, although it does not show a previous actual sale, shows an attempted sale which occurred immediately preceding the sale charged in Count 2 of the information. If such evidence proves a common scheme or plan it is admissible. State v. Little, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R.2d 1120. The attempt was so closely related in point of time to the charged sale that it is part of what is sometimes called the "res gestae". In State v. Villavicencio, 95 Ariz.

199, 388 P.2d 245, we adopted the "complete story" principle in holding admissible this type of closely related evidence of a simultaneous separate but connected crime. We said:

"To help unconfound this confusion, we choose to refer to this as the 'complete story' principle, rather than 'res gestae.'

"In the instant case, the testimony of Madrid [a narcotics agent] which disclosed another crime, i. e., defendant's sale of narcotics to Neo Martinez, was admissible. The jury was entitled to have the alleged crime, i. e., the sale to Madrid, fixed in the background of the accompanying events. The sale to Martinez shed light on the main issue. Consequently, this portion of Madrid's testimony merely completed the story of the crime."

█ With regard to the second incident, the arrest in this case was not made until March 5, 1962. The arresting officer, Davis, testified that at the time of the arrest:

"He [the defendant] said besides that, he said, 'I never do sell a white boy'. He said, 'The only people I ever sell marijuana to is a Mexican or Negro.'"

█ On May 8, 1963, a year after the trial of this case, this court decided State v. Kellington, 93 Ariz. 396, 381 P.2d 215. The testimony of the arresting officer in Kellington, the admission of which constituted prejudicial error so serious that the case was remanded for a new trial, was:

"Enroute to the station I spoke to the defendant. I asked him if he had been putting the girls out to work for purposes of prostitution and had been receiving any of their earnings from this, to which he replied yes, he had."

Where an officer is allowed to testify to confessions, "it [is] the duty of the court to require a proper foundation to determine whether they were voluntary, and to submit an appropriate cautionary instruction to the jury." Kellington, supra, at page 399 of 93 Ariz., at page 217 of 381 P.2d. In both Kellington and this case the officer's testimony shows a confession or admission by the defendant that he was in a criminal business which probably included the crime charged. In Kellington, the defendant's alleged statement, especially when read in the content of the whole conversation, was the equivalent to a plea of guilty to the specific crime charged. It meets all the technical requirements of a confession. Here, the defendant denied selling marijuana to white boys, the crime with which he thought he was to be charged. He admitted that his business was selling marijuana to Mexicans. Nevertheless, it was not the equivalent of a confession, but a mere admission against

interest and conceivably consistent with innocence of the particular sales charged in the information. " 'The rule against admission of statements not voluntarily made applies only to confessions and not to statements against interest.' State v. Romo, 66 Ariz. 174, 185 P.2d 757, 764." State v. Robinson, 89 Ariz. 224, 228, 360 P.2d 474, 477. In Robinson, the admission of the killing involved was as consistent with self-defense as with guilt. Improper admission of a confession into evidence is fundamental error, State v. Pulliam, 87 Ariz. 216, 349 P.2d 781, and need not be raised at the trial. This is not true where an admission against interest is involved.

▆ The dividing line between admission and confession may be hard to draw, where the defendant is engaged full time in a criminal business, and in fact admits that his only way of making a living is to violate the statute which he is charged with violating. For this reason our admonition in State v. Preis, 89 Ariz. 336, 339, 362 P.2d 660, that it is the better and safer course to advise the defendant that what he says could be used against him at the trial, applies to both confessions and admissions, but it is not necessary to render either a confession or admission admissible.

Judgment affirmed.

LOCKWOOD, V. C. J., and BERNSTEIN, J., concur.