394 P.2d 206

The STATE of Arizona, Appellee,

v.

Fred Lee OWEN, Appellant.

No. 1281.

Supreme Court of Arizona.

En Banc.

July 13, 1964.

Robert W. Pickrell, Atty. Gen., Phoenix, Norman E. Green, County Atty. of Pima County, Carl Waag, Deputy County Atty., Tucson, for appellee.

Royal, Carlson & Kaul, Tucson, for appellant.

LOCKWOOD, Vice Chief Justice:

The Supreme Court of the United States, 84 S.Ct. 1932 granted a petition for a writ of certiorari in this case 94 Ariz. 904, 385 P.2d 700 (1963), and entered the following order: "The judgment of the Supreme Court [of the State] of Arizona is vacated and the case is remanded for further proceedings not inconsistent with the opinion of this Court in Jackson v. Denno, 84 S.Ct. 1774."

The only issue decided in the Jackson case is the correct trial procedure when a purported confession is offered and a question is raised as to whether it is voluntary or involuntary. In Jackson, the Supreme Court held that when this question is raised the trial judge must first hear the evidence regarding the confession outside the presence of the jury. He must then make a definite determination whether the purported confession was voluntary or involuntary. If he determines it was involuntary it may not be admitted in evidence. If he determines it was voluntary, he may admit it for consideration by the jury. He may not submit it to the jury merely upon a finding that there is a conflict in the evidence, without himself first definitely resolving the conflict.

The Supreme Court affirmed the procedure referred to as the Massachusetts rule in the following language:

"In jurisdictions following this [Massachusetts] rule the judge hears the confession evidence, himself resolves evidentiary conflicts and gives his own

answer to the coercion issue, rejecting confessions he deems involuntary and admitting only those he believes voluntary. It is only the latter confessions that are heard by the jury, which may then, under this procedure, disagree with the judge, find the confession involuntary and ignore it."

In the present case, appellant complained that the trial court refused to allow a hearing in the absence of the jury concerning the voluntariness of a purported written "confession" by the appellant Owen, and the court failed to distinguish between a confession and an admission in its instructions to the jury. We stated in answer to this issue that the written statement which was the basis of the court's action was not a confession, but was an exculpatory statement, and found that the assignment of error was therefore without merit.

Jackson, to which the Supreme Court of the United States refers us as the standard to follow in this case, deals only with a determination of voluntariness of a *confession*. We are here concerned with an "exculpatory statement" in the nature of an admission against interest rather than a confession. However, since the Supreme Court vacated the judgment of this Court we are of the opinion that it was intended that we follow the rule that statements or admissions, which have been induced by a method in violation of a defendant's constitutional rights, are subject to the same exclusionary rule as a confession. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed. 2d 171 (1963); Hall v. Warden, Maryland Penitentiary, 4 Cir., 313 F.2d 483 (1963).

Upon re-examination of the reporter's transcript, it appears that when the state offered a written statement (Exhibit 9) of the defendant into evidence, counsel for the defendant objected and requested a "private hearing" for the reason that he felt there was a possibility of coercion in obtaining the "instrument". The judge refused a private hearing. In the presence of the jury he expressed his opinion that prima facie there had been sufficient foundation to admit the "statement" into evidence. He further stated that if there was conflicting or contradicting evidence, it was merely a matter of credibility or weight and that "the jury is always instructed as to statements and as to confessions that they must be voluntary and they are the ones to determine on the evidence presented as to the manner and time of taking and so forth as to whether or not it was voluntarily given."

The trial judge's statement that it was for the jury to determine the question of voluntariness of a statement or confes-

sion, does not correctly state the law as enunciated in Jackson. We hold, in accord with Jackson, that in Arizona when a question is raised as to voluntariness of a statement constituting either admissions against interest, exculpatory or otherwise, or a confession, it must be resolved by the judge outside the presence of the jury. If he determines it was involuntary, it will not be admitted. If he determines it was voluntary, it may be admitted. Evidence tending to contradict the voluntary nature of the statement or confession may be admitted, and the jury may, as under the Massachusetts rule, then in effect disagree with the judge, and reject the confession.

For the foregoing reasons the former mandate herein is set aside and the case is reversed and remanded for new trial not inconsistent with the rules set forth herein.

UDALL, C. J., and JENNINGS, J., concur.

STRUCKMEYER and BERNSTEIN, Justices (concurring).

We concur in the foregoing decision. For the reasons stated and for the further reasons expressed in our dissents in 94 Ariz. 412, 385 P.2d 705 (1963), we believe this case should be reversed and remanded for a new trial.