399 P.2d 171

The STATE of Arizona, Appellee,

v.

Roy Vargas ORTIZ, Appellant.

No. 1378.

Supreme Court of Arizona.

En Banc.

Feb. 17, 1965.

Rehearing Denied March 16, 1965.

274, 394 P.2d 206, and State v. Gallagher, 97 Ariz. 1, 396 P.2d 241.

Robert W. Pickrell, Atty. Gen., and Norman E. Green, Pima County Atty., by Carl Waag, Deputy County Atty., for appellee.

Nathan Falk, Tucson, for appellant.

ALICE TRUMAN, Judge.

The defendant, Roy Vargas Ortiz, was convicted of burglary first degree and appeals therefrom. For the purpose of the appeal we need only consider Assignment of Error No. 2, which reads as follows:

"The Trial Court erred in admitting the alleged confession of the defendant in evidence after the hearing thereon since the physical and mental condition of the defendant was such that it should have held summarily that the said confession was not given voluntarily."

The only question to be determined here is whether the court's admission of the defendant's purported confession into evidence was done in a manner inconsistent with the correct trial procedure, as set out by the Supreme Court of the United States in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and as interpreted by us in State v. Owen, 96 Ariz.

In State v. Owen we said:

"The only issue decided in the Jackson case is the correct trial procedure when a purported confession is offered and a question is raised as to whether it is voluntary or involuntary. In Jackson, the Supreme Court held that when this question is raised the trial judge must first hear the evidence regarding the confession outside the presence of the jury. *He must then make a definite determination whether the purported confession was voluntary or involuntary.* If he determines it was involuntary it may not be admitted in evidence. If he determines it was voluntary, he may admit it for consideration by the jury. He may not submit it to the jury merely upon a finding that there is a conflict in the evidence, without himself first definitely resolving the conflict." (Emphasis supplied) 96 Ariz. at 275, 394 P.2d at 207.

During the State's presentation of its case the defendant's attorney asked for and received a hearing outside the presence of the jury on the issue of voluntariness of the confession. The testimony was conflicting in some respects. The trial procedure on the issue of voluntariness was as follows:

With the jury present the County Attorney had started to ask Detective Bright questions to lay a foundation to introduce defendant's alleged confession into evidence. In substance the detective stated that at approximately 8:00 A.M. on February 7th, the morning defendant was arrested, he took the defendant to the Detective Division of the Tucson Police Department. He asked him questions, the defendant answered them and made a statement at that time in the presence of Detective Bright, another officer and a secretary. Defendant had been in custody approximately eight and one-half hours. He was questioned forty-five minutes to a hour before he gave the statement. No one used abusive language, hit him or physically abused him in any way before or during the taking of his statement. No one made any threats. There was no lawyer present. It was explained to him that anything he said would be reduced to writing and could be used against him. He was told of the accusation against him and that he did not have to make a statement. He read the statement and signed it.

At this point defendant's attorney asked for a hearing on voluntariness outside the presence of the jury. During this hearing the detective was cross-examined but did not vary from his story and indicated that defendant did not appear sleepy, did not ask for food or drink, that he was given the statement and asked if he could read it, and he said, "yes."

The defendant testified that he had smoked a marijuana cigarette butt while in his jail cell, and in answer to the question as to his recollection of giving the statement, he said:

"We walked up there from the Courthouse to the City, and we started talking there. I remember talking to him, but I couldn't say positive, you know, what I said. At the time I was—it was kind of hazy, you know, the way I was feeling. I remember I drink some coffee there and we talked. It was him and another lady there. We talked about this Bosnos' burglary but I remember, you know, I can't see too good."

The following questions and answers were asked by defendant's attorney and answered by defendant concerning the defendant's statement:

"Q  Do you remember reading it? Assuming you did sign it, do you remember reading it before you signed it?

"A  I remember picking up a paper and looking at it, but I—like I say, I can't see without my glasses.

"Q  Were you represented by any attorney at that time?

"A  No.

"Q Was this or anything read to you before it was given to you to be signed?

"A I wouldn't think so.

"Q Was any violence committed upon you?

"A I remember a guy saying something about 'Charge you with a prior,' or something if I didn't sign that paper.

"Q When was this said?

"A The next morning, that same morning when I went up there.

"Q When you were being questioned?

"A Yes.

"Q Do you remember who said it?

"A Mr. Bright.

"Q Was any violence committed upon you?

"A Well, not right there, no.

"Q Is this your voluntary statement?

"A Well, if I don't know what it says, I mean, like I can't say that it is mine because I don't know how to type.

"Q Right at the top of Plaintiff's Exhibit '21' for identification in printing it says, among other things, that: 'My voluntary statement with reference to the accusation against me is as follows,' and then it goes into the questions and answers. Do you remember reading any of these printed words?

"A If I can't see them, I can't read them.

"MR. SCHREIBER: I have no further questions, Your Honor.

The court then proceeded as follows:

"THE COURT: All right. Are you intending to have any further witnesses?

"MR. SCHREIBER: Not on this issue.

"THE COURT: Then the record may show that the issue of the voluntariness of the confession may be presented to the jury, and that we will proceed with the matter at this point since it appears to the Court that there has been sufficient showing to proceed on the question of the statement."

We feel that the record does not show the procedure was clearly consistent with Jackson v. Denno, supra, and State v. Owen, supra. The conviction must therefore be reversed, because the trial judge did not make a definite determination whether the purported confession was voluntary or involuntary, as is

now required.[1] Jackson v. Denno, supra 378 U.S. at pp. 378–379, 84 S.Ct. 1774. Now when there is a conflict in the evidence the court must make a definite determination, determinable from the record, whether the purported confession was voluntary or involuntary, and must resolve the issue of voluntariness against the defendant before the jury is allowed to consider the question. State v. Costello, 97 Ariz. 220, 399 P.2d 119 (1965).

Prior to Jackson, supra, it was unclear in Arizona whether the Massachusetts or New York procedure was the law. See 378 U.S. page 378, appendix page 396 and appendix A page 418, 84 S.Ct. 1791, and 1802, Jackson, supra. We are therefore unable to determine from the record what was in the judge's mind. Did he feel there was a conflict in the evidence which the jury should decide or did he resolve the question of coercion against the defendant and submit the whole matter to the jury, either of which was proper under State v. Preis, supra?

The Massachusetts rule, which was approved by the Court, was thus described in Jackson, supra, 378 U.S. at page 378, 84 S.Ct. at page 1781:

"The judge's consideration of voluntariness is carried out separate and aside from issues of the reliability of the confession and the guilt or innocence of the accused and without regard to the fact the issue may again be raised before the jury if decided against the defendant. The record will show the judge's conclusions in this regard and his findings upon the underlying facts may be express or ascertainable from the record.

"Once the confession is properly found to be voluntary by the judge, reconsideration of this issue by the jury does not, of course, improperly affect the jury's determination of the credibility or probativeness of the confession or its ultimate determination of guilt or innocence."

■ If the trial judge merely found there was a conflict on which responsible persons could differ, then according to Jackson, the defendant was deprived of his right to be free of a conviction based in whole or in part upon a confession which responsible persons could find was involuntary. Since we cannot determine whether he was so deprived, the case is reversed and remanded for a new trial

---

1. At the time of the trial judge's ruling, the ruling was correct. State v. Preis, 89 Ariz. 336, 338, 362 P.2d 660, 661: "If the trial court concludes thereafter that the confession was freely and voluntarily made or there is a conflict as to whether it was freely and voluntarily made it must admit it into evidence and then submit it to the jury under proper instructions."

not inconsistent with the rules set forth in State v. Owen, supra.

LOCKWOOD, C. J., STRUCKMEY-ER, V. C. J., and BERNSTEIN and UDALL, JJ., concurring.

NOTE: Justice ERNEST W. McFAR-LAND did not participate in the determination of this appeal.