399 P.2d 915

**STATE of Arizona, Appellee,**

v.

**J. D. FARRELL, Appellant.***

**No. I CA–CR 6.**

Court of Appeals of Arizona.

March 10, 1965.

Rehearing Denied March 30, 1965.

Pasquale R. Cheche, Phoenix, for appellant.

Robert W. Pickrell, former Atty. Gen., by Stirley Newell, Asst. Atty. Gen., Darrell

**114**

F. Smith, Atty. Gen., Allen L. Feinstein, Phoenix, of counsel, for the State.

STEVENS, Chief Judge.

The defendant was tried by a jury and found guilty of the illegal possession of certain narcotics, to wit: Dilaudid and Papaverine. A motion for a new trial was made and overruled. The defendant was adjudged guilty and sentenced. This appeal followed. The trial judge is a man of extensive experience as a lawyer and many years of experience as an able trial judge before his retirement. At the trial the defendant was represented by a court appointed attorney who has tried numerous cases and who represents his clients well. This appeal is prosecuted by another attorney who is commended for his zeal.

■ Sub-Section A of Sec. 36–1002 A.R.S. provides in part as follows:

" * * * every person who possesses any narcotic drug * * * except upon the written prescription of a physician * * * "

is guilty of a felony. Sec. 36–1001 A.R.S. is in part as follows:

"36–1001. DEFINITIONS.

"The following words and phrases, as used in this article shall have the following meanings unless the context otherwise requires:

\*    \*    \*    \*    \*    \*

"12. "Opium" includes morphine, codeine and heroin, and any compound, manufacture, salt, derivative, mixture or preparation of opium, but does not include apomorphine or any of its salts.

\*    \*    \*    \*    \*    \*

"14. "Narcotic drugs" means coca leaves, opium, cannabis, isonipecaine, amidone, isoamidone, ketobemidone, *any other drug of natural or synthetic origin that may be classified as a narcotic by the federal narcotics commissioner,* and any substance neither chemically nor physically distinguishable from them. (Emphasis supplied.)

\*    \*    \*    \*    \*    \*

"28. "Papaverine" means any substance identified chemically as 6, 7-dimethoxy-1-veratrylisoquinoline, or any salt thereof, by whatever trade name designated."

The defendant urges that the law is unconstitutional and not valid for the reason that the language contained in the law is vague, indefinite and uncertain. The validity of the law has been upheld by the Arizona Supreme Court, the most recent case being State v. Curry, 97 Ariz. 191, 398 P.2d 899 (1965).

■ The defendant urges that the act contains an unlawful delegation of powers. It is the italicized portion of the above quotation from Sec. 36–1001 which is the basis of this position by the defendant. It is our opinion that the act is severable and would stand even with the italicized language removed. The Arizona Supreme Court in the case of City of Phoenix v. Pensinger, 73 Ariz. 420, 242 P. 2d 546 (1952) quoted with approval from Cooley's Constitutional Limitations. On Page 422 of the Arizona Reports, on page 548 of 242 P.2d, we find the following quotation.

" * * * If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained. The difficulty is in determining whether the good and bad parts of the statute are capable of being separated within the meaning of the rule."

It is our opinion that it is not necessary to pass upon the defendant's position in this respect. The evidence discloses that the two drugs charged in the information come within the language of the statute as more particularly appears from the testimony of the chemist. It is also noted that papaverine is expressly mentioned in Sub-Section 28 above quoted. The chemist testified affirmatively that the substance dilaudid is "a morphine derivative" and

that "papaverine is one of the alkaloids or narcotics from opium".

■ In relation to dilaudid the following question and answer appear in the transcript:

"Q. Is that one of the specific narcotic drugs listed under Federal Regulations?

"A. It is."

The defendant charges that the foregoing question and answer constitute error. The reporter's transcript contains 167 pages and this is the only reference to "Federal Regulations". There is no mention of Federal Regulations in the instructions or in the arguments to the jury. In relation to the above question and answer there was no objection to the question and there was no motion to strike the answer. From a careful study of the record, this Court finds no error for our consideration.

■ The defendant urges that exhibit 8 was improperly received into evidence by reason of insufficient identification and an inadequate showing of the chain of possession. In our opinion there was sufficient foundation to permit the trial judge to exercise discretion in his ruling. The weight of the evidence is for the jury. The evidence was forwarded to this Court with the record. We have examined exhibit 8. Exhibit 8 is a knife which has the appearance of a usual every day part of a dinner place setting of modest value. Even should it be conceded, and we do not so find, that it was error to receive exhibit 8 in evidence, we fail to see how the defendant could have been in any way prejudiced by this ruling.

■ The defendant urges error in that the court overruled an objection and permitted a witness to testify that the defendant stated that he was the owner of a zipper shaving kit from which kit the other exhibits were secured. The stated basis of the objection was the then absence of proof of corpus delicti. The chain of possession as to the kit and its contents was traced through the officers to the chemist to the court, including the chemical analysis of the contents. In our opinion, the question was a foundational question giving basis for the receipt of the chemist's analysis of the content of the kit. In our opinion the corpus delicti was adequately established before the close of the State's case. A trial judge is granted considerable latitude in the matter of sequence of proof. State v. Vallejos, 89 Ariz. 76, 358 P.2d 178 (1960); Turley v. State, 48 Ariz. 61, 59 P.2d 312 (1936). We find no error.

■ The defendant urges fundamental error in failing to give a cautionary instruction in relation to the jury's consideration of out of court statements attributed to the defendant. A proper foundation as to the voluntary character of these statements was laid in the presence of the jury. There was no suggestion by the defendant's trial attorney that the statements were not voluntary. There was an objection to the statements but the objection was not on the ground that they were not voluntary. There was no cross-examination of the witness as to the voluntary character of the statements. There was a hearing out of the presence of the jury in relation to another matter and the defendant was present at that hearing. No questions were asked and no evidence was presented on the subject of the voluntariness of statements. The record fails to reflect a request for such an instruction at the time the instructions were settled or before the jury returned the verdict. We are well aware of the law requiring a trial court to give the cautionary instruction on its own motion where the issue of voluntariness appears. State v. Pulliam, 87 Ariz. 216, 349 P.2d 781 (1960); State v. Owen, 96 Ariz. 274, 394 P.2d 206 (1964); State v. Ortiz, 97 Ariz. 228, 399 P.2d 171 (1965). We are well aware of the law that admissions of a defendant are now treated with the same degree of care and caution that is applied to confessions. OWEN. Where, as here, the record reflects an able defense counsel and an able trial judge with no evidence to place upon the judge

the duty of inquiry relative to the voluntary character of the statement there can be no error in his failure to conduct a hearing outside the presence of a jury or his failure on his own motion to give the cautionary instruction.

■ The defendant urges that it was error to receive exhibit 4 into evidence over the objection of the defendant. Exhibit 4 is a dirty cloth, the visual inspection of which discloses an appearance which could well be a shoe shine rag. On the cloth were stains which the chemist testified were analyzed as blood stains. The cloth was among the articles in the kit. The defendant likewise objected to the receipt of the following exhibits which objections were overruled, these exhibits being exhibit 5, an eye dropper found in the kit; exhibit 6, a blackened spoon with cotton adhering thereto, the chemist having testified that he found a residue of dilaudid in the spoon and cotton; and exhibit 7 which was a hypodermic needle. The defendant urges that exhibits 4 to 7 impute that the defendant is a user of narcotics and therefore imputes an offense other than the one charged in the information. There was no testimony that he was a user. In the direct examination of the police officers, these exhibits were identified as having been contained in the kit at the time it came into the possession of the police officers. The chemist identified them as being in the kit when he received it. As to exhibits 4 to 7 inclusive, there was no testimony of significance relating to these exhibits including an absence of testimony as to the residue of dilaudid in exhibit 6 until after there had been inquiry concerning these exhibits on cross-examination by the defendant's attorney. The dilaudid was in tablet form and the explanation as to a possible inter-relation between the tablet form of dilaudid and the residue in the spoon

and cotton was then a matter of re-direct examination of the chemist. The receipt of this testimony and the receipt of these objects into evidence were appropriate under the "complete story" principle. State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245 (1964); State v. McGilbry, 96 Ariz. 84, 392 P.2d 297 (1964).

■ The defendant urges that there was error in receiving testimony indicating that the defendant was guilty of the offense of aggravated assault. The testimony discloses that both the defendant and his wife were apprehended at the same time and that the trial of the defendant's wife took place prior to the trial of the defendant. The testimony further disclosed that she was convicted and sentenced to the Arizona State Prison for illegal possession and that she was a resident of the Arizona State Prison at the time of the defendant's trial. The defendant called her as a witness. She denied that the defendant owned the shaving kit and denied that she had knowledge as to the contents of the kit. On cross examination she admitted that included within the kit was a narcotic which she had obtained by the use of an illegal prescription. She denied that the defendant had ever used force upon her to compel her to secure narcotics for him. She denied that she had made a statement to this effect to a police officer. The police officer was called as a rebuttal witness and it was during this testimony as a matter of the impeachment of the defendant's wife as a witness that the question as to whether or not he had ever used force upon her to compel her to secure narcotics for him came into the record.

We find no reversible error.

The judgment and sentence are affirmed.

CAMERON and DONOFRIO, JJ., concurring.