419 P.2d 395

**STATE of Arizona, Appellee,**
v.
**Wesley PATTERSON, Appellant.**
**I CA–CR 62.**

Court of Appeals of Arizona.
Oct. 18, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Chris T. Johnson, Phoenix, for appellant.

STEVENS, Chief Judge.

After a preliminary hearing an information was filed charging the defendant with the offense of assault with a deadly weapon. The cause was tried to a jury which returned a verdict of guilty. The defendant was adjudged guilty and sentenced to serve a term in the Arizona State Prison. This appeal followed.

The defendant was found by the jury to have attacked and stabbed the complaining witness with a knife. The two had lived together without the benefit of marriage for a period of time prior to the 26th day of June 1965, the day of the incident in question. During this period, the complaining witness was married to a person other than the defendant. Her son and daughter, ages 13 and 14 respectively, and one other minor relative, lived with the principal parties.

It is earnestly urged that the complaining witness was guilty of perjury. This contention was presented to the trial court and is presented to this Court. During the trial the defense counsel questioned the complaining witness extensively in relation to variations between the reporter's transcript of her testimony at the preliminary hearing and her testimony at the trial. The reporter's transcript of the trial reflects that the complaining witness did not answer some of the impeaching questions at the trial. Also, it contains admissions by the witness that she gave the answers as found in the reporter's transcript of the preliminary hearing. There was a claimed discrepancy relative to the quantity of alcoholic beverage which she consumed on the day in question. In this connection, the complaining witness insisted that the reporter's transcript was in error. The court reporter at the preliminary hearing was called as a witness for the defense. While her notes correspond with the transcript, she admitted that the complaining witness was at times difficult to understand.

This is actually a question of impeachment and not of perjury. The Supreme Court has spoken very recently on this subject. In State v. Valenzuela, Ariz., 418 P.2d 386 (1966), filed September 28, 1966, the court stated:

"It is proper to impeach a witness on the basis of a prior inconsistent statement. "However, the prior inconsistent statement is admissible only to shed doubt on the witness' credibility and is not to be used as substantive evidence. Kerley Chemical Corp. v. Producers Cotton Oil Co., 2 Ariz.App. 56, 406 P.2d 258 (1965). It is the responsibility of the jury to determine the credibility of the witness."

The judge and the jury had the opportunity of observing the witness. The jury received proper instructions, which included instructions relative to the credibility of the witness. The daughter of the complaining witness did not observe the entire altercation between the principal parties. In relation to her testimony concerning the matter she did observe, she corroborated the complaining witness. The defendant testified on his own behalf, and, while there were direct conflicts between portions of his testimony and the testimony of the complaining witness, there were areas of partial agreement.

■ As the Supreme Court stated in the Valenzuela case, "the jury obviously believed the prosecutrix's testimony at the trial." We are of the same opinion in the present case. The record does not disclose an abuse of the trial court's discretion, and the facts were properly left to the jury for its determination.

■ The defendant questions the admissibility of evidence of other acts committed by him. The complaining witness testified as to the quarrels and some physical abuse which occurred while the parties were living together, but before the day in question. She admitted that some three or four months before the incident which is before us, she struck the defendant with a kitchen pot. She testified that she had caused his arrest three or four times because of his conduct. He testified that she had caused his arrest but once by reason of these quarrels. The complaining witness' testimony as to the evidence moments before the initial assault on the day in question, is in part, as follows:

"He was arguing at me because I had him put in jail the week before. He told me, he said, 'Next time,' he said 'this time,' he said, 'you're not going to call the police on me.' He said, 'You're going to call on Jesus Christ'."

All of this testimony was received without objection. Even had there been an objection, it would have been proper to overrule the same. These statements do not relate to prior independent criminal acts, and they are proper under the "complete story" principle. State v. Farrell, 1 Ariz.App. 112, 399 P.2d 915 (1965) and the Supreme Court cases cited therein. These statements were also material in relation to the defendant's state of mind, especially in connection with his later testimony claiming self-defense.

■ It is urged that the complaining witness was induced to testify against the defendant by threats that if she did not do so, her children, who were apparently placed in a foster home shortly after the incident and who were still in the foster home at the time of the trial, would not be returned to her. The reporter's transcript reads:

"Q. Did anyone tell you that you had better testify against Wes or you would lose your kids?

\* \* \* \* \* \*

"A. If I didn't come down here and tell the truth on what happened, I would lose my kids completely. \* \* \* \* "

The defendant testified that the complaining witness visited him at the jail in the interval between the incident and the trial. His testimony relative to the statement of the complaining witness made at that time is at variance with the above quoted testimony. In our opinion, the record does not show that anyone urged the complaining witness to testify falsely. Letters which the defendant had written to the complaining witness while the defendant was in jail were received in evidence, and these, in part, reflect upon the custody of the children. It is the opinion of the Court, from an examination of the record, that these matters were properly before the jury as fact questions.

■ The County Attorney orally requested three instructions, identifying them by number in the California Jury Instructions, Criminal (Caljic). Oral requests are authorized by Rule 274 of the Rules of Criminal Procedure, 17 A.R.S. California Jury Instructions, Criminal, is a ready reference book and the language of the requested instructions is easily identifiable. The defendant not only objected to the oral request, but urged exceptions to the language contained in the instructions. The defendant had presented written requests for instructions on self-defense based upon his testimony that the complaining witness was the aggressor. In the opinion of this Court, the requested California Jury Instructions, Criminal, instructions were a proper supplement to the defendant's requested instructions. Considering the instructions as a whole, including those which are urged as error, we are unable to agree with the contentions on appeal.

268

The entire record reveals active participation by the attorneys and a well tried case. We find no error.

The judgment of guilt and the sentence are affirmed.

CAMERON, J., and J. THOMAS BROOKS, Superior Court Judge, concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from the consideration of this matter, Superior Court Judge J. THOMAS BROOKS was called to sit in his stead and participate in the determination of this cause.