445 P.2d 851

**STATE of Arizona, Appellee,**

v.

**Fred Douglas McWILLIAMS, Appellant.**

**No. 1 CA–CR 157.**

Court of Appeals of Arizona.

Oct. 17, 1968.

Rehearing Denied Nov. 19, 1968.

Review Denied Jan. 7, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

Fred Douglas McWilliams, in pro. per.

CAMERON, Chief Judge.

The defendant, Fred Douglas McWilliams, after a jury verdict and judgment of guilt to the crime of burglary, second degree [A.R.S. § 13–302 subsec. B] with a prior conviction (A.R.S. § 13–1649) was sentenced to the Arizona State Prison for a term of not less than three nor more than five years. Notice of appeal was filed in propria persona and the Public Defender's Office of Maricopa County was appointed to represent him before this Court.

The Public Defender's Office filed a brief which stated:

"We have searched the record carefully and have been unable to find any reversible error at all, and, accordingly, feel that it is necessary for the office of the Public Defender to move to be discharged as the attorney for the defendant in this appeal matter so that the court may appoint some other attorney to represent the defendant."

The Public Defender moved this Court for leave to withdraw as attorney pursuant to Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Said motion was granted and the defendant notified 9 May 1968 by order of this Court which read in part as follows:

"IT IS ORDERED authorizing the public defender of Maricopa County and his deputy, Grant Laney, to withdraw from further participation in this appeal * * *.

"IT IS FURTHER ORDERED directing the Public Defender of Maricopa County to promptly transmit to the appellant a copy of the instruments, a copy of the minutes, and a copy of each of the reporter's transcripts heretofore referred to as well as a copy of his opening brief. * * *

"IT IS FURTHER ORDERED that the appellant is granted to and including

9 July 1968 within which to prepare and file with this court such brief or statement as he desires which in his opinion, will assist the Court in a proper decision in this case."

The appellant filed a supplemental brief as well as a closing supplemental brief questioning the sufficiency of the evidence as well as the alleged failure of the Court to make an independent determination outside the presence of the jury as to the admissibility of certain exculpatory statements made by him as required by State v. Owen, 96 Ariz. 274, 394 P.2d 206 (1964).

■ This Court has carefully read the transcript of the hearing and examined the entire record on appeal as required by A.R.S. § 13–1715, subsec. B and by Anders v. State of California, supra. We find no errors or violations of defendant's rights or any grounds upon which the appeal can be prosecuted. We find that before the exculpatory statements referred to by defendant were introduced into evidence the trial court held a hearing outside the presence of the jury at which time the defendant testified limited to the question of voluntariness. At the conclusion of the hearing outside the presence of the jury, the court found:

"The court finds that the statements made by the defendant were made knowingly, intelligently and voluntarily. Will you call the jury back in."

"Frivolous" has been defined as follows:

" 'Frivolous' has a colloquial meaning of trifling or silly. It also has an established meaning in law, when applied to appeals, of 'manifestly insufficient or futile', 'without merit and futile'. In the sense of being silly or trivial these petitions are never frivolous in the mind of the petitioner. Often, however, they are frivolous in the legal sense, in the sense of being 'without merit and futile'." Cash v. United States, 104 U.S.App.D.C. 265, 261 F.2d 731, 735 (1958). (Vacated on other grounds.)

■ A reading of the record before the Court indicates that petitioner's appeal is "without merit and futile" and is therefore frivolous. Anders v. State of California, supra.

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.