452 P.2d 106

STATE of Arizona, Appellee,

v.

Robert STEVENSON, Appellant.

No. 1512.

Supreme Court of Arizona.

March 14, 1969.

Rehearing Denied April 15, 1969.

**314**

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Robert Hertzberg, Counsel for State, Phoenix, for appellee.

Craig Mehrens, Phoenix, for appellant.

HAYS, Justice.

The appellant, Robert Stevenson, was tried and convicted for the February 12, 1963 slaying of Mrs. Helen Grenwald in her Phoenix home. On appeal, this court remanded the case to the trial judge with directions that a hearing be held on the question of the voluntariness of the appellant's confession, State v. Stevenson, 101 Arizona, 254, 418 P.2d 591 (1966).

At his subsequent hearing, appellant filed objections to Superior Court Judge William A. Holohan's findings. On March 1, 1967, this court sustained appellant's objections to the trial court's findings and again remanded the case to the Superior Court with instructions to "* * * hear evidence offered by the appellant * * *." A second hearing was held. Judge Holohan ruled that all of the statements, admissions, and confessions rendered by the appellant were voluntarily given. This appeal is taken from the findings of Judge Holohan.

In his first point on appeal, the appellant contends that he failed to make an "intelligent waiver" of his right to counsel prior to making a confession to Tommy Taylor, a fellow prisoner and police informant. We hold that the appellant had no right to counsel at the time he made his confession of guilt to Taylor. Additionally, the appellant's confession and subsequent trial antedated Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). The principles enunciated in these cases have been denied retroactive effect, Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

In his second point on appeal, the appellant urges that the State, by using Taylor as an informant, has been fundamentally unfair in obtaining his confession. The record is clear that Taylor, who had been jailed on suspicion of burglary and checks, told police officers that he might be of assistance in the Grenwald murder case. Taylor told officers how the appellant had, prior to the murder, approached him with a robbery plan for a residence in the area of the Grenwald home and solicited his assistance. Officers placed Taylor in the same compound as appellant, who was at that time incarcerated for carrying a concealed weapon. The appellant told Taylor that he had murdered Mrs. Grenwald, and advised him to stay away from the area surrounding her home because it would be "hot" for about a year.

We are of the opinion that there is nothing fundamentally unfair when police

officers obtain incriminating evidence from an informant in this manner. The case of Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), is closely analogous to the facts in this case.

In Hoffa, the petitioner, President of the Teamsters Union, was charged with jury tampering. The government's case was largely dependent upon the testimony of Edward Partin, a Teamsters official from Baton Rouge, who had arranged a meeting with Hoffa in Nashville, Tenn., where Hoffa was on trial for a violation of the Taft-Hartley Act. Government officials, fearful that Hoffa would attempt to tamper with jurors, requested that Partin be on the alert. Hoffa made some incriminating statements to Partin, who relayed the information to the government. The information obtained by Partin led to Hoffa's conviction for jury tampering.

█ In his appeal to the United States Supreme Court, Hoffa first contended that his incriminating statements were the fruit of an illegal search in violation of the 4th amendment to the United States constitution.

The Court, in rejecting this contention, stated that:

"Partin did not enter the suite by force or by stealth. He was not a surreptitious eavesdropper. Partin was in the suite by invitation, and every conversation which he heard was either *directed to him* or *knowingly* carried on in his presence. The petitioner, in a word, was not relying on the security of the hotel room; he was relying upon his misplaced confidence that Partin would not reveal his wrongdoing.

\* \* \* \* \* \*

*Neither this Court nor any member of it has ever expressed the view that the Fourth Amendment protects a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it.*" (Emphasis added.) Hoffa v. United States, supra, at 302, 87 S.Ct. at 413.

Similarly, the Constitution does not protect appellant from his misplaced confidence in Taylor.

█ Hoffa next contended that Partin's testimony violated his Fifth Amendment privilege against self incrimination. The Court, in rejecting this argument, stated:

"In the present case no claim has been or could be made that the petitioner's incrimating statements were the product of any sort of coercion, legal or factual. The petitioner's conversations with Partin and in Partin's presence were wholly voluntary." Hoffa v. United States, supra, at 304, 87 S.Ct. at 414.

We similarly find, as did the trial judge, that appellant's statements to Taylor were free of any coercion.

In Hoffa's final argument he contended, like the appellant, that the use of a government informer was "a shabby thing" which violated the canons of decency and fairness. The Court, citing from an opinion written by Judge Learned Hand, noted that:

" 'Courts have countenanced the use of informers from time immemorial; in cases of conspiracy, or in other cases when the crime consists of preparing for another crime, it is usually necessary to rely upon them or upon accomplices because the criminals will almost certainly proceed covertly. \* \* \*' United States v. Dennis, 2 Cir., 183 F.2d 201 at 224." Hoffa v. United States, supra, at 311, 87 S.Ct. at 418.

We hold that the investigative device used by the police was neither unlawful nor unfair.

The appellant refers us to the case of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), to support his position that the state resorted to unfair tactics. In Massiah, the petitioner was indicted for violating the federal narcotics laws. He retained a lawyer, pleaded not guilty, and was released on bail. While free on bail, a federal agent obtained the cooperation of one Colson, a co-defendant of Massiah. Colson permitted the federal agent to install a radio transmitter under

the front seat of his automobile. The radio transmitter enabled the federal agent, who was parked nearby, to hear a subsequent conversation between Colson and Massiah. Massiah objected to the admissibility of statements made by him which were heard by the federal agent. The Supreme Court held that the accused, *having been indicted,* was entitled to his right of counsel. The Court made it indelibly clear that the incriminating statements were inadmissible because the accused, having been *indicted,* had been tricked into making a confession without having his constitutional right to the assistance of counsel.

The appellant also cites Spano v. People of State of New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959). Spano is analogous to Massiah and therefore not applicable under the facts of this case. Justice Stewart, writing for the majority in Massiah, said of the Spano case:

"While the Court's opinion relied upon the totality of the circumstances under which the confession had been obtained, four concurring Justices pointed out that the Constitution required reversal of the conviction upon the sole and specific ground that the confession had been deliberately elicited by the police *after the defendant had been indicted,* and therefore at a time when he was clearly entitled to a lawyer's help." (Emphasis added.) Massiah v. United States, supra, 377 U.S. at 204, 84 S.Ct. at 1202.

In his third argument, the appellant contends that there was insufficient evidence at his voluntariness hearing to support the findings of Judge Holohan. This is based primarily upon the notion that three of the four witnesses who testified at the trial *regarding confessions made by Stevenson* to them, were not in attendance at the voluntariness hearing.

■ We hold that it was unnecessary for the three witnesses to make an appearance at the voluntariness hearing because the same trial judge who presided over the trial conducted the hearing. There was sufficient foundation laid in the witnesses' testimony at trial to support Judge Holohan's conclusion that the statements given them by appellant were voluntary.

■ In his next argument, the appellant contends that the State committed prejudicial error by reason of the police officer's failure to warn him at the beginning of the investigation that any statement which he might give could be used against him at a later trial. Appellant cites the Miranda and Escobedo cases, supra. Since Stevenson's trial antedated both Escobedo and Miranda, the principles of law laid down in those cases are not applicable to the present case. See Johnson v. State of New Jersey, supra. The trial of appellant took place in March of 1964. Escobedo v. Illinois was decided June 22, 1964. In State v. Stevenson, supra, we quoted from State v. Maloney, 101 Ariz. 111, 416 P.2d 544 (1966), and from the use of this quotation one might get the impression that Escobedo applied to our case, as it applied to the Maloney case. This is not correct.

In State v. Preis, 89 Ariz. 336, 339, 362 P.2d 660, 662 (1961), with regard to confessions we said:

"The only thing required is that it must appear to the reasonable satisfaction of the trial court that the confession was not obtained by threats, coercion or promises of immunity."

Again, in State v. McGilbry, 96 Ariz. 84 at 88, 392 P.2d 297 at 299 (1964), we held:

" * * * it is the better and safer course to advise the defendant that what he says could be used against him at the trial, applies to both confessions and admissions, but it is not necessary to render either a confession or admission admissible."

■ We hold that the investigating officers, in a pre-Miranda situation, by failing to advise the accused that statements uttered by him could later be used in evidence against him, did not commit reversible error.

The appellant next contends that the police department officials coerced him into making a confession. According to the appellant, this coercion took two forms:

1. The police fraudulently misled him into believing that they had reliable evidence of his involvement in the Grenwald murder, when in fact the only evidence they had was information from a fellow prisoner.

2. The police, by using Taylor to confront the appellant and challenge his denial of guilt, coerced and pressured him into making his confession, Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897).

In response to the first point, we hold that the representations made by the officers to appellant were not fraudulent. While a prisoner's testimony may be more easily impeached, his declarations are not conclusively unreliable. Police officers can always check out details provided by the informant to establish reliability. The evidence indicates that the officers did check out several important leads provided by Taylor, and found them to corroborate his information.

In response to appellant's other point, we are of the opinion that police officers, by using Taylor in confronting appellant, did not act in a coercive manner. The appellant refers us to Bram v. United States, supra, a case decided 72 years ago. The facts in Bram bear little resemblance to the facts in the instant case. That decision is not controlling under the facts of this case.

In his final argument, appellant contends that he was inadequately defended by court appointed counsel at his voluntariness hearing. After reviewing the record, we are of the opinion that defense counsel, appointed from the Public Defender's office, adequately prepared and formulated a defense for appellant.

We hold, after a careful review of the record and the points raised by defense counsel, that the appellant was given a fair and adequate voluntariness hearing. The findings of the trial court are approved.

Judgment is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.