NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

COLLINS NJIKE, *Appellant.*

Nos. 1 CA-CR 22-0589 and 1 CA-CR 23-0073
(Consolidated)
FILED 07-23-2024

Appeal from the Superior Court in Maricopa County
No. CR2021-139933-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Phillip Tomas
*Counsel for Appellee*

Law Office of Stephen M. Johnson, Inc., Phoenix
By Stephen M. Johnson
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Jennifer M. Perkins joined.

---

**W E I N Z W E I G**, Judge:

**¶1**      Collins Njike appeals his convictions of sexual conduct with a minor. We use a pseudonym to protect the victim's identity. Because we find no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**      Njike was a tennis coach who taught Jane from the ages of thirteen to sixteen. Jane and Njike practiced together five to six days a week at a Scottsdale park. Njike sexually assaulted Jane at least three times during these practices.

**¶3**      Jane eventually asked her mom to schedule a counselling appointment. At that appointment, Jane disclosed the sexual assaults to a therapist. The therapist told Jane's mother, who contacted the police. The police interviewed Jane and staged a recorded confrontation call between Jane and Njike. Police arrested Njike the next day.

**¶4**      The State unsuccessfully moved to preadmit a transcript of the confrontation call before trial. At trial, the State successfully moved to admit an audio recording of the confrontation call. Njike had no objection. A "blind" expert witness testified at trial about the general practice of grooming and how children react to sexual assault.

**¶5**      After the jury began deliberations, Juror 10 accused Juror 9 of being "on a first–name basis with the blind expert." The court heard from both jurors and concluded Juror 9 could remain impartial.

**¶6**      The jury found Njike guilty on two of three counts of sexual conduct with a minor. Njike timely appealed. We have jurisdiction. A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

**DISCUSSION**

**I.      Confrontation Call**

**¶7**          Njike first argues the superior court erred by admitting an audio recording of the confrontation call into evidence.  Njike did not preserve the issue for appeal, so we review for fundamental error, which requires error that is both fundamental and prejudicial.  *State v. Escalante*, 245 Ariz. 135, 140, 142, ¶¶ 12, 21 (2018).

**¶8**          Njike contends the confrontation call was an involuntary confession under the 14th Amendment's due process clause.  For a confession to be involuntary, the record must include evidence of "coercive police activity," *Colorado v. Connelly*, 479 U.S. 157, 167 (1986), like threats, violence, improper influence, and direct or indirect promises of a benefit. *Malloy v. Hogan*, 378 U.S. 1, 7 (1964).  But the record here has no evidence of coercive police activity.  And without coercion, Jane's cooperation with the police during the call did not render Njike's statements involuntary.  *See State v. Stevenson*, 104 Ariz. 313, 314–15 (1969) (holding that the government's use of an informant to obtain inculpatory statements did not, in itself, make the statements involuntary).

**¶9**          Njike next argues the court should have considered the voluntariness factors in A.R.S. § 13-3988, but that statute does not apply to confessions made before arrest when the subject is not detained.  *See* A.R.S. § 13-3988(C).

**¶10**          Njike also argues the confrontation call should have been suppressed because it contained hearsay.  *See* Ariz. R. Evid. 801.  Not so. Njike's statements on the call are not hearsay—they are statements of an opposing party.  Ariz. R. Evid. 801(d)(2).  And Jane's statements on the call are not hearsay—they were not offered to prove the truth of the matter asserted.  *See* Ariz. R. Evid. 801(c).

**¶11**          Njike contends the call should also have been excluded under Rule 403 because the danger of unfair prejudice substantially outweighed the probative value.  Ariz. R. Evid. 403.  We are not persuaded.  It is rarely unfair to introduce a defendant's own statements.  *See State v. Cañez*, 202 Ariz. 133, 153, ¶ 61 (2002), *abrogated on other grounds in State v. Valenzuela*, 239 Ariz. 299, 302–03, ¶ 11, n.1 (2016) ("[I]t would require a rare case for the defendant's own statement to be seen as prejudicial to the extent it should be excluded under Rule 403.").  And the confrontation call here was highly probative.

**¶12** Lastly, Njike contends that critical information was deleted from the recorded call, Ariz. R. Evid. 106, but the entire phone call was recorded and provided.

## II. Juror Bias

**¶13** Njike argues the superior court should have stricken Juror 9 or 10. Because he never moved to strike either juror, we review for fundamental error, which requires trial error that is both fundamental and prejudicial. *Escalante*, 245 Ariz. at 140, 142, ¶¶ 12, 21.

**¶14** Criminal defendants have the right to an impartial jury. U.S. Const. amend. VI; Ariz. Const. art. II, § 24. Rule 18.4(b) requires the court to dismiss a juror if there are reasonable grounds to believe the juror cannot be fair and impartial. Ariz. R. Crim. P. 18.4(b). The trial judge is in the best position to assess a juror's credibility, *State v. Hoskins*, 199 Ariz. 127, 139, ¶ 37 (2000), and the court has broad discretion when enforcing this rule, *State v. Eddington*, 226 Ariz. 72, 79, ¶ 17 (App. 2010).

**¶15** Njike argues that either Juror 9 or 10 were lying because their accounts were inconsistent. We disagree, both accounts can be harmonized. Juror 9 could have known the blind expert's name from reports and from her presence in his workplace without knowing the expert personally. The superior court is best positioned to judge credibility. *State v. Blackman*, 201 Ariz. 527, 533, ¶ 13 (App. 2002). The court believed Juror 9's promise that he could be fair and impartial. That was not error. *See id.* at ¶ 12 (observing that "a juror need not be excused 'merely because he knows something of the case to be tried'" provided the court is satisfied that the juror can render an impartial verdict) (citation omitted). And without an error, there is no fundamental error. *See Escalante*, 245 Ariz. at 142, ¶ 21 ("To summarize, the first step in fundamental error review is determining whether trial error exists.").

## CONCLUSION

**¶16** We affirm.

