274 P.2d 838

STATE of Arizona, Appellee,

v.

Carl LANEY, Appellant.

No. 1044.

Supreme Court of Arizona.

Oct. 11, 1954.

William C. Fields, Jack C. Cavness, Phoenix, for appellant.

Ross F. Jones, Atty. Gen., R. Dean Burch, Sp. Asst. Atty. Gen., for appellee.

PHELPS, Chief Justice.

Defendant Carl Laney was by the first count of an information filed by the prosecuting attorney of Maricopa County on January 11, 1952, charged with the crime of carnally knowing a female child under the age of 18 years, not his wife, which is known under the law as statutory rape. The information charged the crime to have been committed in Maricopa County on or about August 23, 1951. By the second count of the information, defendant was charged with the crime of incest. Under this count it is alleged that on or about August 23, 1951, in Maricopa County defendant had sexual intercourse with his niece. She, for obvious reasons, will be hereinafter referred to as the prosecuting witness, and not by name.

Defendant entered a plea of not guilty to each of the above counts. The cause came on for hearing before the court and jury on June 16, 1953. At the close of the state's case in chief, defendant moved for an instructed verdict on Count II of said

information charging the crime of incest upon the ground that the prosecuting witness was an accomplice in the commission of the crime of incest and that her testimony had not been corroborated as required by law, under the provisions of section 44–1819, A.C.A.1939. This motion was denied. At the close of defendant's case, the defense renewed its motion for an instructed verdict on the same grounds. The motion was again denied by the court.

The court, in due course, submitted the cause to the jury and the jury returned a verdict of not guilty of statutory rape as charged in Count I and guilty of incest as charged in Count II of the information. From this verdict and judgment entered thereon, defendant appeals.

We have been presented with two assignments of error which raise two questions of law for our consideration: the first question is as to the sufficiency of the evidence to sustain the verdict. This is predicated upon the claim of defendant that the prosecuting witness in this case is an accomplice in the commission of the crime of incest alleged in the second count of the information and that under the law her testimony must be corroborated by other evidence in accordance with the provisions of section 44–1819, supra, before a conviction thereon can be upheld.

If the prosecutrix here is an accomplice in the commission of such crime the position of defendant must be sustained, otherwise it may not be. It will first be necessary to examine the statutes relating to the subject matter involved in this case in order to get a proper perspective of the law.

Section 43–405, A.C.A.1939, provides that:

"Persons being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void, who intermarry with each other, or who commit fornication or adultery with each other, are punishable by imprisonment in the state prison not exceeding ten (10) years."

Section 63–107, A.C.A.1939, provides that:

" * * * The marriage between parents and children, including grandparents and grandchildren of every degree, between brothers and sisters, of the one-half as well as of the whole blood, and between uncles and nieces, aunts and nephews, and between first cousins are incestuous and void. * * * "

Section 43–4901, A.C.A.1939, provides insofar as we are concerned in the instant case that:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under any of the following circumstances:

"Where the female is under the age of eighteen (18) years".

22

Section 44–1819, A.C.A.1939, provides that:

"A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence which, in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof."

The prosecutrix in the instant case was 14 years of age at the time of the commission of the alleged offense. Therefore she was under statutory age of consent fixed by our statute at 18 years. The question presented here has been before us in a number of cases including the case of State v. Pollock, 57 Ariz. 415, 114 P.2d 249, and in State v. Haston, 64 Ariz. 72, 166 P.2d 141, wherein we decided the question adversely to the contention of the defendant. We said in the Pollock case [57 Ariz. 415, 114 P.2d 250] that:

"The first question is as to the sufficiency of the evidence to sustain the verdict. The prosecutrix testified directly and positively to the completed crime. Defendant denied that he had either attempted or completed the offense charged. If this were all, the question would undoubtedly be one for the jury, for in Arizona in a case of this kind a conviction may be had upon the uncorroborated testimony of the prosecutrix unless her story is physi-

cally impossible, or so incredible that no reasonable man could believe it. Reidhead v. State, 31 Ariz. 70, 250 P. 366; Zavala v. State, 39 Ariz. 123, 4 P.2d 390."

The language used in the Pollock case was quoted with approval in State v. Haston, supra.

We agree unequivocally with the former ruling of this court on this subject for the reason that the only logical conclusion that can be reached is that if the child was incapable of giving her consent to the act of sexual intercourse, it follows that she was incapable of giving her consent to the crime of incest for the simple reason that the act of sexual intercourse forms the very basis of the crime of incest and without which such crime could not exist. Being incapable of consenting to the crime of incest she cannot be an accomplice. This brings the case squarely within the rule laid down in the cases above cited. See also People v. Hamilton, 88 Cal.App.2d 398, 198 P.2d 907; People v. Pettis, 95 Cal. App.2d 790, 213 P.2d 731.

 The second assignment asserts that the incest verdict of guilty is a nullity in that it is inconsistent with and contradictory to the verdict of the jury finding the defendant not guilty of the crime of statutory rape.

We agree with this position. We adopted the rule in the case of State v. Fling, 69 Ariz. 94, 210 P.2d 221, 224, that:

" 'Whenever a jury finds the defendant not guilty of a count in which is charged an act which forms an essential element of another count, a conviction on the second count cannot be sustained.' "

In adopting the above rule in this state we fully considered the rule promulgated by this court in 1941 which appears as section 44–725a, 1952 Cum.Supp. providing in part that:

"* * * A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count."

As stated above in this opinion, the act of sexual intercourse is an element common to both the offense of statutory rape and the crime of incest. The latter could not exist if it did not contain the element of the first offense. It is our view therefore that the two verdicts contradict each other and that the finding in the first count that there was no act of sexual intercourse between the defendant and his niece negatives and completely nullifies the verdict of guilty of the crime of incest which is based upon a finding that an act of sexual intercourse was completed between said defendant and his niece. The testimony of the prosecutrix and defendant is in sharp conflict on this point.

It is argued by the state that the two verdicts are not inconsistent and that they may stand together under certain circumstances. That is true but they cannot stand together under the circumstances in this case. It is argued by the state that the jury may not have believed the prosecuting witness when she said she was under 18 years of age, to wit, 14 or 15 years of age, but could have believed because of her appearance that she was above the age of consent. Had the jury reached this conclusion, however, it would have been faced with a situation equally as insurmountable, to wit, that if she had been above 18 years of age then she would have been capable of giving her consent to the act of sexual intercourse and would therefore have been an accomplice of the defendant in the crime of incest, and being an accomplice, his conviction could not be sustained upon her testimony alone.

For the reason that the conflicts in the verdicts are irreconcilable, the verdict and judgment of the superior court is reversed and the cause is remanded with instructions to the superior court to vacate its judgment and discharge the defendant.

STANFORD, LA PRADE, UDALL and WINDES, JJ., concur.