399 P.2d 119

**STATE of Arizona, Appellee,**

**v.**

**Terrence John COSTELLO, Appellant.**

**No. 1375.**

Supreme Court of Arizona.

En Banc.

Feb. 10, 1965.

Rehearing Denied March 16, 1965.

Robert W. Pickrell, Atty. Gen. of Arizona, and Norman E. Green, County Atty., Pima County, for appellee.

Whitehill, Feldman, Scott & Berger, Tucson, for appellant.

UDALL, Justice.

Terrence John Costello, hereinafter referred to as defendant, was convicted of the crime of first degree arson in a trial by jury in the Superior Court of Pima County. From that conviction he brings this appeal.

On the night of December 16, 1962 a vacant house located at 2501 E. River Road in Tucson was substantially destroyed by fire. Shortly after the fire had started two witnesses noticed the fire as they were driving by the scene and drove up to the house to see if they could be of assistance.

When they arrived they noticed defendant's car and defendant attempting to fight the fire. The two witnesses joined in the attempt to stop the fire along with others who arrived at the scene.

Two days after the fire two city detectives visited defendant at his place of work and later persuaded him to accompany them to the interrogation room of the police station. At the police station after several hours of interrogation, defendant confessed to setting the fire. Defendant signed a transcript of the oral confession he made to city detectives and was then turned over to the county sheriff's department where he made a second confession.

At the trial defendant objected to the admission of the confession on the grounds that it was involuntary and that the corpus delicti had not been established by some evidence independent of the confession. Defendant also raised the defense of insanity.

Before the confession was admitted in evidence the court held a hearing on the issue of voluntariness in the absence of the jury. At the conclusion of the testimony at this hearing, the court made the following ruling:

"THE COURT: What I am indicating is, unless there is some further evidence at this point, I think they have made a prima facie showing of the voluntariness of the statement. *I am not*

*the one who determines whether it was voluntary.* I instruct the jury that they have to do that, but I think the State has made a prima facie case of voluntariness. * * *" (emphasis added).

This procedure is not in accord with the due process requirements of the 14th Amendment. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 953 (1963); State v. Gallagher, 97 Ariz. 1, 396 P.2d 241 (1964); State v. Owen, 96 Ariz. 274, 394 P.2d 206 (1964). At the conclusion of the hearing on voluntariness, the judge must make a definite determination whether the purported confession was voluntary or involuntary. Only if he makes a definite determination it was voluntary may he admit it for consideration by the jury.

■■ We said in Gallagher that a "determination of the voluntariness of these admissions would have to include careful and systematic inquiry into the peculiar resilience to questioning of appellant in the light of both his physical and mental health." 396 P.2d at p. 245.

In addition, the federal standard concerning the admissibility of confessions is now controlling on the states. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). In Malloy v. Hogan, supra, the court said:

" * * * today the admissibility of a confession in a state criminal prosecution is tested by the same standard applied in federal prosecutions since 1897, when, in Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568, the Court held that 'In criminal trials, in the courts of the United States, wherever a question arises whether a confession is incompetent because not voluntary, the issue is controlled by that portion of the Fifth Amendment to the constitution of the United States, commanding that no person "shall be compelled in any criminal case to be a witness against himself." ' Id., 168 U.S. at 542, 18 S.Ct. at 187. Under this test, the constitutional inquiry is not whether the conduct of state officers in obtaining the confession was shocking, but whether the confession is 'free and voluntary; that is, [it] must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. * * *' " 378 U.S. 1, at p. 7, 84 S.Ct. 1489, at p. 1493.

For the foregoing reasons the case is reversed and remanded for a new trial not inconsistent with the rules set forth herein.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and McFAR-LAND, JJ., concur.