411 P.2d 166

STATE of Arizona, Appellee,

v.

Clyde S. TANNAHILL, Appellant.

No. 1427–PR.

Supreme Court of Arizona.

En Banc.

Feb. 18, 1966.

See also 1 Ariz.App. 281, 402 P.2d 29.

Robert W. Pickrell, former Atty. Gen., Darrell F. Smith, Atty. Gen., Norman E. Green, County Atty., of Pima County, and John L. Augustine, Deputy County Atty., of Pima County, for appellee.

John R. McDonald, Tucson, for appellant.

UDALL, Justice.

■ This is an appeal from a judgment of the Superior Court of Pima County, based on a jury verdict finding appellant guilty of attempting to commit incest with his ten-year-old daughter and of incest with his twelve-year-old daughter. Both girls testified in detail regarding appellant's conduct with them, which testimony clearly supported the conviction.

The only serious issue raised herein is the propriety of admitting in evidence a purported signed confession of appellant in which he admitted committing the alleged acts in substantially the same manner as

testified to by his two daughters. There are two grounds upon which the admissibility of the purported confession is attacked; whether the trial court followed the correct trial procedure in admitting the alleged involuntary confession in evidence, and whether there was a denial of appellant's constitutional right to counsel at the time the confession was made.

Appellant was arrested when he got off work June 27th, 1963, for committing the acts in question on the 7th and 26th of June, 1963. Appellant testified that he talked with his attorney two or three times between the arrest and the morning of June 29th, when, at his request, he was taken to Detective John Rohr for a polygraph test. The test was never given because, as Detective Rohr testified, during the preliminary questioning appellant stated, "There is no sense in me taking a test, I will talk to Mr. Smith" [referring to Detective Richard Smith]. At this point appellant gave a statement which Detective Smith testified was typed and which Smith had another officer read to appellant before he signed it. This statement purported to be a full confession of guilt.

In his testimony appellant admits the officers informed him of his rights under the Fifth Amendment to the United States Constitution. He further admitted that the polygraph test was requested by him and that a statement was subsequently read to him by a police officer before he signed it.

He was asked whether the statement he signed contained the information that was in the confession previously read into the record. He stated that similar questions were asked of him during the preliminary procedure necessary in taking a polygraph test, but·he denies that all of the information in the confession was read to him.

Appellant also maintains that he is illiterate and cannot read or write, other than his and his wife's signatures, although he went to the fifth grade in school. No other evidence of his alleged illiteracy was introduced. Appellant had come to Tucson two years before and was employed as a wrecker truck driver. The record indicates he is a man of average intelligence.

During the course of the trial the court held a hearing outside the presence of the jury for a determination of the voluntariness of the confession. Two police officers and appellant testified during this hearing regarding the facts and circumstances leading up to the signing of the confession. The testimony of the officers was to the effect that the confession was given freely and voluntarily. The appellant, however, maintains that during the interrogation he was in a state of mental confusion and thought he was signing a paper to release the polygraph operator. At the conclusion of the hearing the court stated: "We will let the issue of voluntariness go to the jury." The state then proceeded with

the rest of its evidence and the appellant likewise presented his case.

Appellant urges this cause should be remanded to the trial court for a new trial while the state would have us remand the case for a hearing to determine whether the accused waived his right against compulsory self-incrimination on analogous principles to State v. Simoneau, 98 Ariz. 2, 401 P.2d 404. In Simoneau, supra, we were confronted with a very similar situation as is involved herein where the court did not specifically rule the confessions were voluntary. Basing our opinion upon the U. S. Supreme Court decision in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and State v. Owen, 96 Ariz. 274, 394 P.2d 206, we remanded the case to the trial court for a hearing to determine the voluntariness of the confession. We think this procedure is applicable to the case at bar, as was determined by the Court of Appeals.

█ Appellant's testimony is conflicting as to whether he denied making the purported confession at all, or whether he admits making portions of the confession that was admitted in evidence which he now alleges was involuntary. If this case presented a mere denial of the purported statement, there would be no factual question for the jury to decide except whether the statements attributed to the appellant were or were not made. State v. Goff, 99 Ariz. 79, 407 P.2d 55 (1965). The record, however, suggests that appellant, at least by implication, questioned the voluntariness of the purported confession, and admitted making some of the statements found in the confession which was introduced at the trial. We believe this partial admission was sufficient to place the question of voluntariness of the confession before the trial court, and the judge should have made a definite determination whether the purported confession was voluntary or involuntary. State v. Ortiz, 97 Ariz. 228, 399 P.2d 171; State v. Costello, 97 Ariz. 220, 399 P.2d 119.

Appellant also maintains that this confession should have been excluded, because at the time it was given he was deprived of his right to counsel. In support of this argument he cites the case of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

In appellant's argument regarding the applicability of the Escobedo case he points out that both Escobedo and appellant had not been indicted nor arraigned but had been taken into custody and interrogated by police at the police station. Further, Escobedo had an attorney and had conferred with him prior to his interrogation at the police station.

█ While it is true the above facts are in common, these two cases are clearly distinguishable as the evidence in this case indicates the interrogation herein was instigated by the appellant himself who had requested the polygraph test, and during

preparations for the same decided to make a full and complete statement rather than go through with the polygraph examination. This is clearly not a case where " * * * the police carry out a process of interrogations that lends itself to eliciting incriminating statements * * * ", Escobedo v. State of Ill., 378 U.S. at 491, 84 S.Ct. at 1765. Furthermore, appellant was not only aware of his right to counsel, but had exercised this right as he had talked with his attorney two or three times. Appellant was fully advised of his rights and yet elected to make the confession.

In view of the fact the trial court did not specifically rule as to the voluntariness of the confession, this cause is remanded to the Superior Court of Pima County only for the purpose of a hearing to determine whether the confession was voluntary. If the court finds the confession was voluntarily given and so rules, then it will notify this Court by causing a certified copy of its Minute Entry to be transmitted to the Clerk of this Court. If no objection to the ruling is presented to this Court within fifteen days, an order will be entered affirming the convictions. If the court below finds the confession was involuntary, it is directed to enter an order granting appellant a new trial on both counts.

It is so ordered.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFAR-LAND, JJ., concurring.