413 P.2d 566

**STATE of Arizona, Appellee,**

v.

**Ronald Clifton Joseph GOODYEAR, aka Donald Clifton Joseph Goodyear, and Steven David Jackson, Appellants.**

**No. 1277.**

Supreme Court of Arizona.

En Banc.

April 22, 1966.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Philip M. Haggerty, Former Asst. Atty. Gen., for appellee.

James F. Haythornewhite, Nogales, for appellant Goodyear.

George W. Oglesby, Nogales, for appellant Jackson.

Allen L. Feinstein, Phoenix, Special Counsel.

McFARLAND, Justice.

Defendants in this case were jointly tried, convicted of first-degree murder, and sentenced to death in the Superior Court of Santa Cruz County, State of Arizona. They appealed to this court, and their convictions and sentences were affirmed in an opinion rendered on July 19, 1965, 98 Ariz. 304, 404 P.2d 397.

Counsel for defendant Goodyear filed a motion for rehearing, while counsel for Jackson filed a petition for habeas corpus. This court ordered that Jackson's petition be considered as a motion for rehearing. Thereafter, this court appointed as special counsel Allen Feinstein to review the record, and to present any matters touching upon fundamental rights which had not previously been fully presented. Special counsel submitted a memorandum supporting the motions for a rehearing.

Defendants for the first time, in their motions for rehearing, raise the question of the voluntariness of their statements and confessions admitted in evidence. As a basis for supporting their contention that their fundamental rights had been thereby violated, they presented for the first time a new affidavit and reference to other affidavits and records. Goodyear, in his affidavit, states that he requested counsel during the time that he was held in custody and prior to the signing of his confession; also that he was under the in-

fluence of certain drugs, including pheno-barbital, bella donna, and an unidentified tranquilizer at the time he made his confession. In support of these contentions he referred to his affidavit which had been made in support of the motion for the inspection of his confession which he made before the trial, in which he made substantially the same statement—the latter affidavit being a part of the records in this case. Reference is also made by defendants to their arrest and detention on other charges prior to the making of the confessions and the formal charge of murder. The testimony of Deputy Sheriff Hill shows that defendants were arrested at one p. m. on the 7th day of October 1961, and arraigned at six p. m.; also that he had questioned the defendants on at least three different days prior to the formal charge of murder. The docket of the justice of the peace—certified copy of which was presented by the attorney general—shows the defendant Jackson was charged and arraigned on October 7, 1961, for operating a motor vehicle without a valid operator's license; bond set at $50; trial set for October 10, 1961, at 10 a. m.; and the case dismissed. On the same day defendants Goodyear and Jackson were arraigned for carrying concealed weapons; bond fixed at $300; trial set for October 9, 1961, at 10 a. m.; case dismissed. And, on October 9, 1961, they were charged with grand theft (stealing or taking of a beef or calf); arraigned October 9, 1961, at four p. m.; preliminary hearing set for October 11, 1961, at eight p. m.; bond set at $6,000 each; case dismissed. On October 9, 1961, defendants were charged with secreting a hide of livestock and defacing a brand, and possession of meat and livestock without inspection; case dismissed. On October 13, 1961, they were charged with first-degree murder and robbery. They were arraigned on these charges October 14, 1961. Both waived preliminary hearing, and were held without bond on the murder charge and $6,000 bond on the robbery charge; the record does not show the time of arrest or arraignment.

It is the contention of defendants that their oral and written statements were both inadmissible because as to at least some of them they had not been properly advised of their right to counsel and their right to remain silent. The statements and confessions given after proper advice were in effect the fruits of the earlier statements made without being advised of their rights. The defendants' contention was that while they were advised of their rights to counsel and to remain silent at the time they made their statements taken down by the court reporter and which they later signed, they were not so advised during the preceding days during which time they were interrogated and made oral statements to the officers. They

contend these oral statments were merely repeated in the written statements.

It is also the contention of the defendants that these were fundamental rights, and that they were not waived, and could properly be raised on appeal. Since this case was tried before the decisions were made in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); and our own decision in State v. Owen, 96 Ariz. 274, 394 P.2d 206 (1964), defendants are not precluded from raising on appeal any question involving the voluntariness of their confessions.

In People v. Aranda, 47 Cal.Rptr. 353, 407 P.2d 265, the court, after holding that a confession was involuntary under Escobedo v. State of Illinois, supra, stated:

"* * * Since this case was tried before the Escobedo decision, Martinez's failure to object to the admission of the confession into evidence does not preclude his raising the question on appeal. (People v. Davis, 62 Cal.2d 791, 796, 44 Cal.Rptr. 454, 402 P.2d 142; People v. Hillery, 62 Cal.2d 692, 711, 44 Cal.Rptr. 30, 401 P.2d 382.) The judgment against defendant Martinez must therefore be reversed." 407 P.2d at 268

In the latter case cited, People v. Hillery, the court said:

"Although defendant did not object at trial to the admissibility of these statements, he is not now barred from urging such inadmissibility. As a general rule the admissibility of evidence will not be reviewed on appeal in the absence of proper objection at trial. (People v. Merkouris (1956) 46 Cal.2d 540, 558, 297 P.2d 999.) We held, however, in People v. Kitchens (1956) 46 Cal.2d 260, 262–263, 294 P.2d 17, that the rule did not apply to appeals based upon the admission of illegally obtained evidence in cases in which the trials were conducted prior to People v. Cahan (1955) 44 Cal.2d 434, 282 P.2d 905, 50 A.L.R.2d 513, which declared such evidence inadmissible. As we stated in Kitchens, 'A contrary holding would place an unreasonable burden on defendants to anticipate unforeseen changes in the law and encourage fruitless objections in other situations where defendants might hope that an established rule of evidence would be changed on appeal. * * *' (People v. Kitchens (1956) 46 Cal.2d 260, 263, 294 P.2d 17, 19.) Furthermore, since any objection prior to the United States Supreme Court's decision in Escobedo v. State of Illinois (1964) 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, 'would have been futile, and "The law neither does nor requires idle acts." Civ.Code, § 3532' (People v. Kitchens (1956) 46 Cal.2d 260, 263, 294 P.2d 17, 19), de-

fendant is not barred from raising the issue of admissibility of this evidence on appeal." 44 Cal.Rptr. at 42, 401 P.2d at 394

In the instant case oral statements and written confessions of each of the defendants were admitted in evidence without first a hearing by the court as to their voluntariness. In State v. Owen, supra, we stated:

" * * * However, since the Supreme Court vacated the judgment of this Court we are of the opinion that it was intended that we follow the rule that statements or admissions, which have been induced by a method in violation of a defendant's constitutional rights, are subject to the same exclusionary rule as a confession. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); Hall v. Warden, Maryland Penitentiary, 4 Cir., 313 F.2d 483 (1963).

&ast; &ast; &ast; &ast; &ast; &ast;

"The trial judge's statement that it was for the jury to determine the question of voluntariness of a statement or confession, does not correctly state the law as enunciated in Jackson. We hold, in accord with Jackson, that in Arizona when a question is raised as to voluntariness of a statement constituting either admissions against interest, exculpatory or otherwise, or a confession, it must be resolved by the judge outside the presence of the jury. If he determines it was involuntary, it will not be admitted. If he determines it was voluntary, it may be admitted. Evidence tending to contradict the voluntary nature of the statement or confession may be admitted, and the jury may, as under the Massachusetts rule, then in effect disagree with the judge, and reject the confession." 96 Ariz. at 276, 394 P.2d at 207

■ It is the duty of a trial court to hold a hearing as to voluntariness of a statement or confession, if a question as to its voluntariness is raised—either by the attorneys, or one is presented by the evidence. State v. Miranda, 98 Ariz. 18, 401 P.2d 721; State v. Simoneau, 98 Ariz. 2, 401 P.2d 404. Some of the questions here presented may have been waived in conferences at the bench. For example:

"Q. If the Court, please, I think that we should approach the bench at this time.

(There is a conference at the bench.)

"THE COURT: The record may show that Council [sic] for the defense consent that the question of the voluntariness of the statements or confessions need not be establish by the Court to show voluntary character.

"This will be discussed in the absence of the Jury, the matter may be presented, if so determined, to the Jury by the County Attorney."

There was an objection made by counsel for Jackson to the admission of oral statements made by defendant Jackson at three p. m., which preceded the giving of his written statement at four o'clock on October 11th. The objection was made upon the ground that they were involuntary in that his client had been in jail for a period of four days before the statement was made. The court held a hearing in regard to the voluntariness of these oral statements. The court had previously stated "We are inquiring now solely into the question of the voluntariness of this alleged statement which defendant Jackson gave to the witness." At the conclusion of the hearing the court said "The statements will be allowed in evidence," and the witness was thereafter permitted to testify thereto. It was evidently the intention of the court to find that the statements were voluntary. However, we have held since Jackson v. Denno, supra, a definite determination as to voluntariness is necessary. In State v. Costello, 97 Ariz. 220, 399 P.2d 119, we said:

"This procedure is not in accord with the due process requirements of the 14th Amendment. Jackson v. Denno, 378 U. S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 953 (1963); State v. Gallagher, 97 Ariz. 1, 396 P.2d 241 (1964); State v. Owen, 96 Ariz. 274, 394 P.2d 206 (1964). At the conclusion of the hearing on voluntariness, the judge must make a definite determination whether the purported confession was voluntary or involuntary. Only if he makes a definite determination it was voluntary may he admit it for consideration by the jury." 94 Ariz. at 222, 399 P.2d at 120

█ It should be pointed out that since the trial of the instant case, it was in accordance with the order of the United States Supreme Court in State v. Owen, supra, that we held it is necessary for the court to have a hearing as to the voluntariness of statements constituting admissions against interest, exculpatory or otherwise, and that the same must be determined by the court outside the presence of the jury, and at the conclusion of the hearing the judge must make a definite determination whether the purported confession was voluntary or involuntary. Jackson v. Denno, supra; State v. Owen, supra. In the memorandum supporting the motion for rehearing it is contended that Goodyear seemingly did not object to the written confession on the ground that it was not made voluntarily. It was objected to on the ground of insufficient foundation in that it was apparently a signed carbon copy of the statement. Jackson's counsel moved for the introduction of his client's entire confession, in order that he could cross-examine a witness in regard to the same. This

motion was denied. Later in the trial of the case, the confession was admitted into evidence after certain deletions had been made. Jackson objected to the admission of this confession, on the basis that the deletions should be included in the statement. However, in the motion for rehearing defendants contend that the procedures were not properly followed, and that they can raise the questions on appeal for the first time.

There were numerous oral statements made by both Jackson and Goodyear while they were incarcerated. In order to determine whether—as contended by defendants—these and the written statements were the fruits of earlier statements which were not voluntary, this court would have to know the facts before and during the interrogation. Had the trial court the benefit of these records, and the benefit of the law in regard to constitutional rights as enunciated in Jackson v. Denno, supra; Massiah v. United States (1964) 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246; Escobedo v. State of Illinois, supra; State v. Owen (1964), supra; and State v. Gallagher (1964), 97 Ariz. 1, 396 P.2d 241, it would undoubtedly have followed the procedures as required by the decisions of the United States Supreme Court as set forth in State v. Owen (1964), supra.

The record does not show everything that took place after arrest and before trial, but there are sufficient questions presented in the motions for rehearing, and particularly the record filed for the first time by the Attorney General in response thereto, to raise questions as to the voluntariness of the various statements and the written confessions of the defendants. which were admitted in evidence to require a definite determination by the trial court as to their voluntariness. This determination is made mandatory by the above decisions of the United States Supreme Court which have been rendered since the trial of this case.

As we have stated, in State v. Simoneau, supra, each case must be determined on its own facts. In the instant case, under the interpretation of the law as given us by the United States Supreme Court, we have no other choice than to hold that there must be a determination of the voluntariness of all of the statements admitted in evidence—both oral and written—made by the defendants. We find that these statements were so inter-twined with other evidence that the procedure set forth in State v. Simoneau, supra, would not be applicable to the facts of the instant case, and that it is necessary to remand the case for a new trial in accordance with the procedure made mandatory by Jackson v. Denno, supra, and State v. Owen, supra.

■ The defendants also assign as error the denial of their request for separate trials. We passed upon this question in

our previous decision; however, as we held then, and as was held in the cases which we cited, this is a discretionary function of the trial courts. The question of the abuse of discretion in the denial of a severance must be determined on the basis of the showing at the time when the motion was made and not what ultimately transpired at the trial. The ruling in the original opinion does not preclude either of the defendants from renewing the request for separate trial. In the event the motion is renewed, it will of course be the duty of the court to make this determination on the record of the case at the time of the renewed motion.

Our original opinion, and the recent case of State v. Jackson (Jones, Tillis, and Spurlock) 100 Ariz. 91, 412 P.2d 36 may furnish assistance to the trial court if such motion is presented. One of the defendants in personam objected to his counsel's further representing him. Since the services of all court-appointed counsel end with this decision, the matter of counsel in future proceedings will be for the action of the trial court.

For the foregoing reasons, the case of each defendant is reversed and remanded for a new trial.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.