415 P.2d 104

**STATE of Arizona, Appellee,**

v.

**Robert Eugene MILEHAM, Appellant.**

**No. 1577.**

Supreme Court of Arizona.

In Division.

May 19, 1966.

Darrell F. Smith, Atty. Gen., Gary Nelson, Asst. Atty. Gen., for appellee.

Allen L. Feinstein, Phoenix, for appellant.

McFARLAND, Justice:

Robert Eugene Mileham, hereinafter referred to as defendant, was charged, tried, and found guilty by a jury of the crime of robbery with a prior conviction, in violation of A.R.S. § 13–641 and A.R.S. § 13–643. He was sentenced to serve a term of not less than twenty-five nor more than forty years in the Arizona state prison. Defendant appeals from the verdict and judgment of conviction.

Defendant, during the early evening of Junes 21, 1964, entered the Silver Slipper Bar, 4610 East Van Buren, Phoenix, Arizona, where he entered into casual conversation with a barmaid, hereinafter designated as prosecutrix. Defendant remained in the bar the entire evening, and shortly before 1:00 a. m. on the morning of June 22, 1964, defendant asked prosecutrix, the mother of five children, to assist him in placing a telephone call. Defendant and prosecutrix proceeded to a hallway at the back of the bar where a telephone and restrooms were located.

Prosecutrix testified that defendant displayed a gun at this time, and demanded that she return to the barroom and place two

six-packs of beer and bills from the cash register in a paper sack; that she did as he demanded, and, at defendant's insistence, she accompanied him out of the bar and entered his car, parked nearby.

Defendant informed prosecutrix they were going to Payson, Arizona, and, after some difficulty locating the correct route, proceeded in that direction. During the course of the trip defendant pulled off the highway twice, and, on both occasions, according to testimony of prosecutrix, had intercourse with her, which she testified she submitted to through fear for her life.

Upon arrival in Payson prosecutrix was able to escape from defendant, and inform the police of what had occurred. Defendant was taken into custody by police shortly thereafter. Defendant was charged by information with two counts of rape, one count of robbery, and one count of kidnapping with intent to commit rape; all with a prior conviction. Defendant admitted the prior conviction. The trial court declared a mistrial on the two counts of rape and the count of kidnapping with intent to commit rape, when the jury was unable to arrive at a verdict on these three counts.

This appeal raises two questions for review by this court. Defendant first contends the "trial court erred in admitting over objection evidence of a confession or statement made by defendant without first determining that it was voluntary."

Detective Sergeant John Fields of the Phoenix Police Department was dispatched to Payson, Arizona, after making an investigation of an alleged theft at the Silver Slipper Bar on June 22, 1964. Detective Fields obtained custody of the defendant at the Payson jail, and placed him in a police vehicle to be transported to Phoenix. Fields testified that he and defendant conversed during this trip concerning the alleged charges. The following testimony on direct examination of Detective Fields by the state led to a hearing held outside the presence of the jury:

"Q I see. At the time that this conversation was made, did you offer any promises or guarantees of immunity to Mr. Mileham in order to induce him to make a statement to you?

"A No.

"Q Did you make any threats or place any duress upon Mr. Mileham at that time to induce him to make any statements to you?

"A No.

"Q Did you inform Mr. Mileham of his right not to speak to you at all?

"A I did.

"Q After having done these things, then did Mr. Mileham have a—make a statement to you concerning the cause now on question before this court?

"A Yes.

**406**

"Q Would you tell the Court and jury what was said by you, to him, if anything, and what was said by him to you, if anything?

"MR. BLOCK: I am going to object, your Honor. There hasn't been sufficient foundation laid at this time.

"THE COURT: You may ask on voir dire.

VOIR DIRE EXAMINATION
"BY MR. BLOCK:
*     *     *     *     *     *

"Q Did you advise him of his right to counsel?

"A Yes.

"Q What did he say?

"A Beg pardon?

"Q What did he say, what did Mr. Mileham say?

"THE COURT: In relation to what, please?

"BY MR. BLOCK:

"Q You answered—you advised him of his right to counsel. What did he say when you advised him that he had a right to counsel?

"A I said other things with that, in other words, he didn't answer that particular way to that portion of your question or statement.

"Q In other words, you said anything he would say would be used against him?

"A Partially, yes.

"Q Did you tell him the nature of what you were going to question him about?

"A Yes.

"Q Did you tell him he didn't have to say anything?

"A Yes.

"Q He said nothing about counsel, is that right?

"A Not at that time.

"MR. BLOCK: I would like to approach the bench.

"THE COURT: If you have an objection, state it, sir.

"MR. BLOCK: At this time, your Honor, we will object to any statement or testimony relating to the statement of Mr. Mileham because there has been no sufficient foundation laid as to the—whether or not the officer had apprised Mr. Mileham of all of his rights with respect to speaking, making a statement outside of court, without the presence of counsel, does not determine whether Mr. Mileham desired counsel, and we would request a hearing on this matter out of the presence of the jury.

*     *     *     *     *     *

"THE COURT: Let the record show the absence of the jury.

"If you have testimony to offer, I will be happy to hear it. Otherwise, the ob-

jection will be overruled. I did not want to make that comment in the presence of the jury."

The following statements were made by the court during this hearing:

"THE COURT: If you desire further examination of this witness in the presence of the jury in order that they may determine whether or not this is a voluntary statement, an issue which is to be submitted to them, I am very happy to permit you to do so.

\* \* \* \* \* \*

"\* \* \* If you want to offer evidence, affirmative evidence that these things were not done, then the Court may have some basis upon which to rule. \* \* \*

\* \* \* \* \* \*

"\* \* \* The question as to foundation in reference to each particular statement which has been made; but at this time, unless you have some affirmative testimony to offer which would rebut that of Officer Fields, I will overrule your objection."

At the close of the hearing the following occurred:

"MR. BLOCK: I have no further questions.

"THE COURT: Call the jury.

(Thereupon the following proceedings were had in open court, within the hearing of the jury:)

"THE COURT: The record may show the presence of the jury. Do you have any additional voir dire examination, Mr. Block?

"MR. BLOCK: No, your Honor.

"THE COURT: The objection is overruled."

It is upon the basis of the above colloquy that defendant now claims error by the trial court in failing to make a determination of the voluntariness of any statements made by defendant to Detective Fields.

█ The state contends the trial court in fact made a determination that the confession of defendant was voluntary. We cannot agree with this position. In State v. Goodyear, 98 Ariz. 304, 404 P.2d 397, rev'd on rehearing, 100 Ariz. 244, 413 P.2d 566 (filed April 22, 1966), we specifically held on rehearing that a "definite determination as to voluntariness is necessary," and, quoting from State v. Costello, 97 Ariz. 220, 399 P.2d 119, that such a determination must be made at "the conclusion of the hearing on voluntariness." There is nothing in the transcript of the hearing held out of the presence of the jury to indicate that the trial court made such a "definite determination as to voluntariness."

█ The state contends that "if the court should find that no effective determination was made by the court as to the voluntariness of the statements, the cause should be

remanded solely for the purpose of holding such a hearing." We have recognized two separate and distinct procedures which may be followed in situations such as that presented in the instant case. The first is to remand the case for a new trial. State v. Goodyear, supra; State v. Ortiz, 97 Ariz. 228, 399 P.2d 171; State v. Costello, supra; State v. Owen, 96 Ariz. 274, 394 P.2d 206.

■ The second is to remand to the trial court for a limited hearing to determine whether the statements or confessions were voluntary. State v. Tannahill, 100 Ariz. 59, 411 P.2d 166; State v. Simoneau, 98 Ariz. 2, 401 P.2d 404. In State v. Simoneau, supra, we said:

> " * * * Each case must stand on its own facts as to whether it should be remanded to the trial judge for a limited hearing to determine whether a confession is voluntary or whether a new trial should be granted." 98 Ariz. at 7, 401 P.2d at 408.

In both Simoneau and Tannahill, supra, we held that where the trial court conducted a hearing on voluntariness but failed to specifically rule the statements voluntary the matter must be remanded to the trial court for a hearing to determine this question. It is our opinion that the nature of this case, and the fact that a hearing was held out of the presence of the jury, make applicable the procedure laid out in State v. Tannahill and State v. Simoneau, supra.

■ Counsel for defendant argues that we should remand the case for a new trial rather than a hearing on voluntariness because the distinguished trial judge presently sits on our Court of Appeals, and it would be inappropriate for him to rule on this matter. We find this argument without merit. We are not remanding this case for a ruling by the trial judge who conducted the trial but rather to the Maricopa County Superior Court for a hearing and a ruling to be made at the conclusion thereof. State v. Tannahill, supra; State v. Simoneau, supra. This does not require that the ruling be made by the same judge who tried the case; any judge may conduct this hearing. What is required is a determination from evidence introduced at the hearing, and not from evidence introduced at the trial.

The second question presented for review by this court is "[w]hether a judgment of conviction may properly be entered on a jury verdict of guilty where in the circumstances of the case the verdict is inconsistent with the failure of the jury to reach a verdict on another count." Defendant contends the jury's verdict of guilty on the robbery count is inconsistent with the jury's inability to reach a guilty verdict on the two counts of rape and the one count of kidnapping with intent to commit rape; therefore, the judgment of conviction cannot be sustained thereon.

■ We have held that whenever a jury finds a defendant not guilty of a count in which is charged an act which forms an essential element of another count, a conviction on the second count cannot be sustained. State v. Laney, 78 Ariz. 19, 274 P.2d 838; State v. Fling, 69 Ariz. 94, 210 P.2d 221.

■ The *instant case does not fall within* this rule. The jury did not return a verdict of acquittal on the two counts of rape or the count of kidnapping with intent to commit rape. The disposal of these counts, even had there been acquittal, would not have affected the conviction on the robbery count as the elements of the crimes charged in the counts do not fall within the categories of State v. Laney and State v. Fling, supra.

The crime of robbery is defined by our statute as follows:

"§ 13–641. Definition

"Robbery is the felonious taking of personal property in the possession of another from his person, or immediate presence, and against his will, accomplished by means of force or fear."

Defendant was charged with kidnapping with intent to commit rape under A.R.S. § 13–492, subsecs. A, C, par. 2. State v. Jacobs, 93 Ariz. 336, 380 P.2d 998, cert. denied, 375 U.S. 46, 84 S.Ct. 158, 11 L.Ed.2d 108.

"§ 13–492. Kidnapping for extortion, robbery, ransom, rape, sodomy, lewd or lascivious acts; punishment

"A. A person, except in the case of a minor by the parent, who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains such individual for ransom, reward or otherwise, or to commit extortion or robbery, or to exact from relatives of such person or from any other person any money or valuable thing, or a person who aids or abets any such conduct, is guilty of a felony.

\*      \*      \*      \*      \*      \*

"C. A person convicted under subsections A or B of this section shall be punished as follows:

\*      \*      \*      \*      \*      \*

"2. If the person subjected to any acts mentioned in subsection A or B does not suffer serious bodily harm the person found guilty shall be punished by imprisonment in the state prison from twenty to fifty years without possibility of parole until the minimum sentence has been served. As amended Laws 1956, Ch. 92, § 1."

■ Defendant contends "the alleged kidnapping was an act essentially simultaneous with the robbery." It is his theory that the sole question in issue is lack of

willingness of prosecutrix to participate in the robbery and kidnapping, and, since the jury could not agree upon unwillingness on the part of the prosecutrix with respect to the kidnapping, their finding that she was an unwilling participant in the robbery is inconsistent. We find no merit in this contention. The two offenses are so distinct that one cannot be said to be merged into the other, nor is the conviction of one in any way incompatible with the conviction or acquittal of the other. State v. Barker, 94 Ariz. 383, 395 P.2d 516; State v. Marsin, 82 Ariz. 1, 307 P.2d 607.

An essential element in the crime of kidnapping is that the defendant "hold or detain" another. This element is not a requisite element for the crime of robbery. The jury could well have had difficulty in determining that there was in fact a holding or detaining of the prosecutrix by defendant, or if he did so "hold or detain," he at that time intended to commit rape upon her person.

■ With respect to the crime of rape, the act of intercourse is one element of the crime, and is not one of the elements of the crime of robbery. Furthermore, defendant admits the acts of intercourse occurred sub-sequent to the robbery, and, even if the essential elements of the crimes were the same, the rule as stated by this court requires that it be the "same act" which forms an essential element of both crimes charged. State v. Laney, supra; State v. Fling, supra. In the instant case the robbery was a separate and distinct act which occurred at a point in time earlier than either of the alleged acts of rape.

It is therefore the decision of this court that the matter be remanded to the Superior Court of Maricopa County for the purpose of a hearing to determine whether the confession of defendant was voluntary. If the court finds the confession voluntary, and so rules, it is to notify this court by transmitting a certified copy of its minute entry to the clerk of this court. If no objection to the ruling is presented to this court within fifteen days, an order will be entered affirming the conviction. If the lower court determines the confession involuntary, it is directed to enter an order granting defendant a new trial.

It is so ordered.

BERNSTEIN, V. C. J., and UDALL, J., concur.