433 P.2d 70

STATE of Arizona, Appellee,

v.

Charles William ROBINSON, Appellant.

No. 1 CA–CR 130.

Court of Appeals of Arizona.

Oct. 31, 1967.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

CAMERON, Chief Judge.

This is an appeal from a verdict and judgment of guilt to the crimes of burglary (§ 13–302 A.R.S.) and grand theft (§ 13–671 A.R.S.). From a sentence of not less than ten years nor more than ten years one day on each count, the defendant brings this appeal.

We are called upon to answer the following questions:

1. Were the statements and admissions of the defendant properly admitted in evidence?

2. Was it reversible error for the defendant to have been manacled in the courtroom in the presence of the jury?

3. Does the evidence ·support the verdict?

4. Was the defendant properly sentenced?

The facts necessary for a determination of this matter on appeal are as follows. The defendant was accused of entering an apartment in the nighttime of 21–22 May 1966, and taking some speakers, a television set, and a tape recorder. For these actions the defendant was charged in a two-count information of burglary (Count I) and grand theft (Count II). The stolen property was never recovered. However, the defendant was linked to the burglary by an eye witness. Although the burglary occurred around 10:30 at night, the witness was able to identify the defendant because she had seen him before in the neighborhood. She testified that she saw the defendant standing near a car parked in front of the victimized apartment, and a short time later saw him place an object about the size of a TV set in the rear of the car.

After his arrest, defendant was interrogated by a detective who was personally acquainted with him. The defendant was informed of the charges against him, that he was entitled to an attorney, that he did not have to talk, and that anything he said could be used against him. The detective stated that the defendant at no time during the interrogation indicated a desire to discontinue the conversation. During the interrogation the defendant admitted that he had taken part in the burglary and helped carry the TV set to the car.

After the court recessed for lunch on the first day of trial but before the jury had retired from the courtroom, the Deputy Sheriff placed manacles upon the defendant. The defense attorney moved for a mistrial contending that the defendant was highly prejudiced by having to appear before the jury with manacles upon his wrists. The court denied this motion.

Later during the trial, a hearing was held outside the presence of the jury to determine the voluntariness of certain statements made by the defendant to the police officer. At the conclusion of the testimony outside the presence of the jury the following transpired:

"Mr. Lee: O.K., that is all I have, your honor.

"Mr. Francone: I have nothing further.

"The Court: I think this is sufficient showing of voluntariness."

The matter was then presented to the jury. At the close of the case proper instructions were given concerning the voluntariness of the statements made to the officer.

At the conclusion of the trial the court submitted to the jury four forms of verdict. One for guilty of burglary which, omitting the formal parts, reads as follows:

"We, the jury, duly impaneled and sworn in the above entitled action, upon our oaths, do find the defendant guilty of burglary, Count I."

And a second form of verdict finding:

"the defendant not guilty of burglary, Count I."

The third form found:

"the defendant guilty of grand theft, Count II."

The fourth form found:

"the defendant not guilty of grand theft, Count II."

No instructions were given to the jury concerning the difference between first degree burglary and second degree burglary, although the facts of the case clearly indicate enough evidence from which the jury could find the defendant guilty of burglary in the nighttime, or first degree burglary.

After the jury returned the verdict the Superior Court, pursuant to the case of State v. Seymour, 101 Ariz. 498, 421 P.2d 517 (1967), directed a verdict as to the allegation of prior conviction, the defendant having admitted the prior conviction when he took the stand on his own behalf at the trial of the case. However, no adjudication of prior guilt was made, and the

minute entry order of the sentence reads as follows:

"The defendant having been charged with the crimes of burglary and grand theft and found guilty by a jury of these crimes, defendant is asked if he has anything to say or cause to show why sentence should not now be pronounced, and no legal cause appearing, by reason of the verdict of the jury, IT IS THE JUDGMENT OF THE COURT that you are guilty of the crimes of burglary and grand theft, felonies, and as punishment for these crimes, IT IS ORDERED, you are sentenced to be incarcerated in the Arizona State Prison for a period of not less than ten (10) nor more than ten years and one day (10 years, 1 day) sentence to run concurrently, and this sentence shall begin at the date you shall arrive at the Arizona State Prison."

## WERE THE STATEMENTS PROPERLY ADMITTED?

 Defendant contends that the admissions made by him to the detective were not voluntarily made and therefore inadmissible. We do not agree. The evidence was sufficient to support a finding by the trial court and the jury that the statements were voluntarily given. Our Supreme Court has stated that at the conclusion of the hearing on voluntariness, the judge must make a definite determination whether the statement or confession was voluntary or involuntary. It is only when the court makes a definite determination that the confession or statement was voluntary, that it may be admitted and considered by the jury. State v. Costello, 97 Ariz. 220, 399 P.2d 119 (1965); State v. Owen, 96 Ariz. 274, 394 P.2d 206 (1964); State v. Gallagher, 97 Ariz. 1, 396 P.2d 241 (1964). As our Supreme Court has stated in discussing another case:

"At the conclusion of the hearing the court said 'The statements will be allowed in evidence,' and the witness was thereafter permitted to testify thereto. It

was evidently the intention of the court to find that the statements were voluntary. However, we have held since Jackson v. Denno, supra, [378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908,] a definite determination as to voluntariness is necessary." State v. Goodyear, 100 Ariz. 244, 249, 413 P.2d 566, 568 (1966).

And the question before this Court is whether the statement, "I think this is sufficient showing of voluntariness", is sufficient under the state and federal rules as a finding by the court of voluntariness to support a submission of the statements to the jury. While the statement of the court is not recommended as a model of the finding required by the Arizona Supreme Court, we believe it sufficient as a finding by the court of voluntariness. This is especially true herein where counsel for defense did not object to the form of finding by the trial court. See also State v. Griffin, 99 Ariz. 43, 406 P.2d 397 (1965), annotated 1 A.L.R.3d 1251–1259.

## WAS IT ERROR TO MANACLE THE DEFENDANT?

 It is the contention of the defendant that he was prejudiced by being manacled or "handcuffed" before the jury by the Deputy Sheriff who was in charge of his custody. It was a rule at common law that a defendant being tried for a criminal offense had the right to make his appearance in court free from all shackles. Manacling a person when there is no necessity to do so, and bringing him into court in the presence of the jury could not be too strongly condemned. State v. Randolph, 99 Ariz. 253, 408 P.2d 397 (1965); State v. Williams, 18 Wash. 47, 50 P. 580, 39 L.R.A. 821 (1897); State v. Coursolle, 255 Minn. 384, 97 N.W.2d 472, 75 A.L.R. 2d 755 (1959). However, it is within the sound discretion of the trial judge to have a prisoner shackled when it is apparent that such a precaution is necessary to prevent escape or to maintain a quiet and peaceable trial. In State v. Pulliam, 87 Ariz. 216, 223, 349 P.2d 781, 785 (1960), the de-

fendant's manacles were removed in the presence of the jury panel. The court finding that the trial court did not abuse its discretion in denying the defendant's motion for mistrial stated:

"In McDonald v. United States, 8th Cir., 1937, 89 F.2d 128, 136, where the defendant raised this same objection it was said: ' * * * It is too obvious for argument that hardly any other matter can better be relegated to the discretion of the trial court than that of safeguarding the court, counsel, jury, and spectators, and assuring the continued presence and attendance of the accused at the trial. Absent incontrovertible evidence of hurt, the trial court should be permitted to use such means, to secure the named ends, as the nature of the case, the known criminal record, character, associates in crime, and reputation of the accused shall reasonably call for, and such is the rule enunciated in the few cases existing which deal with the question, * * *.' "

■ In another case dealing with the manacling of prisoners, the Arizona Supreme Court in State v. George, 98 Ariz. 290, 291, 403 P.2d 932, 933 (1965) said:

"Counsel for the appellant requested a mistrial because appellant was once brought into the court room in handcuffs which were then removed. While such procedure is not approved the trial judge denied the motion for a mistrial on the ground the appellant had not been prejudiced in this case and we cannot say that this ruling was an abuse of the trial judge's discretion. State v. Pulliam, 87 Ariz. 216, 349 P.2d 781; State v. Chavez, 98 Ariz. 236, 403 P.2d 545 (June 1965)."

We believe that the trial court was in the best position to determine whether placing the defendant in manacles before leaving the courtroom, in the presence of the jury, was reasonable or prejudicial under the circumstances, and we do not find that the appellant has shown enough to warrant a reversal on these grounds.

## DOES THE EVIDENCE SUPPORT THE VERDICTS?

■ The defendant next contends that the evidence does not support the verdicts. We have read the evidence and feel that it was sufficient to support the verdicts of guilty to the crimes of burglary and of grand theft even though arising out of the same series of acts. Cunningham v. Costello, 19 Ariz. 512, 172 P. 664 (1918), State v. Hutton, 87 Ariz. 176, 349 P.2d 187 (1960).

## WAS THE DEFENDANT PROPERLY SENTENCED?

■ The jury returned a verdict of guilty to burglary, Count I, and Count II, grand theft. No instructions were given to the jury on burglary in the first degree (nighttime) as opposed to burglary in the second degree (daytime), even though the facts of the case would clearly indicate a finding of a verdict and judgment of burglary in the first degree. It is clear, however, that when the jury returns a verdict merely of burglary it is presumed to be burglary in the second degree. As has been stated:

"If the finding of guilt is to sustain burglary in the nighttime and, therefore, the greater permissible sentence, this finding must be expressed by the jury in its verdict. Brough v. State, 54 Ariz. 237, 94 P.2d 869 (1939). Where, as here, daytime burglary and nighttime burglary are not truly different degrees of the offense of burglary, § 13–162, subsec. B and Criminal Rule 292, are not applicable. Within the spirit and intent of Brough, the verdict in this case that the defendant is 'guilty of burglary, a felony' will support only a judgment of the guilt using the statutory language of 'burglary in the second degree' and a sentence within the limits of this classification of burglary." State v. Brady, 2 Ariz.App. 210, 214, 215, 407 P.2d 399 (1965).

Burglary in the second degree—burglary committed in the daytime—is punishable "by imprisonment in the State Prison for

not to exceed five years". It is therefore apparent that unless the increased punishment provisions for prior conviction are applicable, the sentence of the court upon the burglary charge was in excess of the time allowed by the court. This is also true of the crime of grand theft. Grand theft is punishable "for not less than one nor more than ten years", § 13–671 A.R.S., and the punishment apparently imposed in the instant case on the charge of grand theft was for not less than ten nor more than ten years one day which is in excess of the maximum punishment of ten years allowable for grand theft.

 The ruling of the court in directing that a verdict be returned for the State on the issue of the prior conviction was proper in the light of the recent Arizona Supreme Court case State v. Seymour, supra. However, we find nothing in the record which shows an adjudication by the court of the prior conviction, and before the defendant may be sentenced under the prior conviction statute, § 13–1649 A.R.S., there must not only be a judgment by the court of guilt as to the offense charged, but a judgment of guilt with a prior conviction. There being no adjudication by the trial court of defendant's prior conviction, the court may not sentence under the prior conviction statute. Indeed, were the prior conviction available in the sentencing, then under subsection A, paragraph 1, the allowable sentence would be up to life in the Arizona State Prison, and this Court would not have jurisdiction on appeal. A.R.S. § 12–120.21, subsec. A, par. 2, State v. Mileham, 1 Ariz.App. 67, 399 P.2d 688; State v. Mileham, 100 Ariz. 402, 415 P.2d 104 (1966). For this reason the matter will have to be returned to the trial court for resentencing. The trial court is reminded that even though the defendant may be sentenced on both counts, State v. Hutton, supra, the defendant is entitled to be sentenced on each conviction and judgment separately. State v. Ballez, 102 Ariz. 174, 427 P.2d 125 (1967); State

v. Boodry, 96 Ariz. 259, 394 P.2d 196 (1964). Remanded for resentencing.

DONOFRIO, J., and WILLIAM W. NABOURS, Superior Court Judge, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter Judge WILLIAM W. NABOURS was called to sit in his stead and participate in the determination of this decision.