477 P.2d 526

**STATE of Arizona, Appellee,**

v.

**Robert Eugene MILEHAM, Appellant.**

**No. 1577.**

Supreme Court of Arizona,
In Banc.

Dec. 2, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Robert Eugene Mileham, pro se; Ross P. Lee, Public Defender, by Bedford Douglass, Deputy Public Defender, Phoenix, for appellant.

McFARLAND, Justice.

Robert Eugene Mileham, hereinafter referred to as defendant, was tried and found guilty of robbery with a prior conviction in violation of A.R.S. § 13–641 and A.R.S. § 13–643 and sentenced to serve a term of not less than 25 nor more than 40 years in the Arizona State Penitentiary. From the verdict and judgment he appealed.

This court affirmed the conviction in a decision of May 19, 1966, 100 Ariz. 402, 415 P.2d 104, with the exception that the case was remanded to the Superior Court of Maricopa County for the purpose of a hearing to determine whether the confession of the defendant was voluntary, providing that if the court found the confession to be voluntary and so ruled, it would notify this court by certifying a copy of the minute entry to the clerk of this court, and if no objection to the ruling was presented within 15 days an order would be entered confirming the conviction; that if the lower court found the confession to be involuntary it was directed to enter an order granting the defendant a new trial.

The lower court in accordance with the order granted a hearing which was held on May 31, 1966. Judge Donald Daughton presiding found the statement made by the defendant on the automobile trip between Payson, Arizona and Phoenix, Arizona, June 26, 1964, was voluntary and a certified copy of the minute entry of said finding was transmitted to the clerk of this court. The defendant had been represented by Allen Feinstein in the trial, but represented himself at the hearing on voluntariness. Thereafter he was represented by James L. Corbett who made a motion for a rehearing on the first of December, 1969, alleging that he had been unable to

obtain a transcript of the hearing; that the defendant was ill prepared to represent himself at the hearing; that he had not had adequate representation in that the Public Defender's office only had fifteen minutes time for preparation and presentation prior to the hearing and for this reason was unable to call as witnesses at this hearing one or two of the officers who were present at the time the statement was made.

On February 24, 1970, we granted defendant's motion for a rehearing of the voluntariness hearing which had been ordered in the decision of this court. This hearing was conducted April 6, 1970, by Judge Yale McFate who made findings of fact and conclusions of law in holding that the statement of the defendant to the police officers was voluntarily made, which findings were transmitted to this court May 6, 1970. The defendant was represented at the hearing by Bedford Douglass, deputy public defender, who did not file any objections to the findings of fact or conclusions of law. However, the defendant, pro se, filed objections to which the Attorney General filed a reply.

The trial court in making its findings outlined the defendant's background, the circumstances surrounding his arrest and his being in jail at Payson, pointing out the defendant had been arrested for disturbing the peace and thereafter placed in a jail cell; that he evidenced withdrawal symptoms like a big hangover, rattling the bars and hollering; that defendant had attempted to cut his arm with the edge of an Excedrin container and outlined the facts, while defendant was in custody of the police officers during the time he made the statement, setting forth the findings of fact and conclusions of law as follows:

*"Circumstances while in custody of Phoenix officers*

"Defendant appeared dejected at times but his spirits improved after leaving the jail. No sign of physical illness was evident. Officers able to talk and reason with defendant. He conversed freely with the officers practically all the way to Phoenix. Did not appear drunk. Did not smell of intoxicating liquor. Did not appear overly tired. Did not complain of being hungry on the trip. Did not appear to be afraid of the officers who came to get him. At no time prior to or during the trip to Phoenix did the defendant indicate that he had an attorney or that he desired an attorney.

"Prior to questioning, the defendant was advised by Officer Fields as follows: 'You are under arrest charged with a felony and as long as you act like a gentleman, you will be treated as a gentleman. You have a right to remain silent. You have a right to counsel. Anything you say can and will be used against you in a court of law, and you don't have to make a statement. If you want to make a statement, I am only interested in a true statement.' This was given on the way from the jail to the vehicle prior to leaving Payson. He did not inform the defendant he had a right to counsel prior to questioning.

"At the time of questioning the defendant had an attorney in Flagstaff whom he had hired to do other legal work.

"No threats or promises of immunity were made to defendant.

"The defendant, on the trip to Phoenix, asked Officer Fields whether, if he cooperated, the officers could make it easier for him and Officer Fields replied that he couldn't make any promises; that only the judge could do that.

"This court finds that the statements made by defendant to the officers while en route from Payson to Phoenix were in fact voluntarily made.

## "CONCLUSIONS OF LAW

"The court concludes that at the time of the statements made by the defendant to the police officers the said statements

were voluntarily made, if made under the following circumstances:

"1. That the defendant's right of access to counsel was not violated.

"2. That the defendant was warned beforehand of his right to remain silent, and that anything he said could be used against him in court.

"3. That under all the circumstances no temptation or inducement existed which might cause the defendant to speak falsely.

"4. That all the circumstances indicate the defendant's statements were neither prompted nor influenced by fear or threat or undue influence on the part of the officers.

"The court is of the opinion that the Miranda decision warnings (384 U.S. 436; 86 S.Ct. 1602 [16 L.Ed.2d 694]) were not required to be given to this defendant at the time, inasmuch as that decision is not retroactive in its application. Johnson vs N.J. [384 U.S. 719] 86 S.Ct. 1772 [16 L.Ed.2d 882]. The court is further of the opinion that the Escobedo decision [378 U.S. 478], 84 S.Ct. 1758 [12 L.Ed.2d 977], (which holds involuntary a confession received by officers after denying defendant's repeated requests to confer with counsel) is inapplicable to the facts of this case."

The defendant's objections to the finding of the court repeats most of the findings of fact and states his argument against them which is summed up in his conclusions:

" * * * that the main issue here should not be whether the defendant was advised of his constitutional rights, but did he comprehended (sic) the meaning of his rights? Did his emotional state impair his capacity for rational judgment? Was his mental condition stable enough to make any legal decision? The defendant states that from the over all evidence producted (sic) voluntariness hearing, he was in no condition at that time to make a voluntary statement."

The testimony of the officers and the findings of the court do not support this conclusion. On the contrary in accordance with the officers' testimony the court found that on the trip to Phoenix when the statements were made there was no sign of physical illness; the defendant did not appear drunk or overly tired, and the officers were able to talk and reason with defendant and he conversed freely with them.

The lower court also in its conclusions of law correctly stated that Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, is not applicable as it was held in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, that Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda would only apply to persons whose trials had commenced after those decisions in the respective cases were announced. Escobedo, supra, was announced June 22, 1964. Miranda, supra, was announced on June 13, 1966. The instant case having been tried after June 22, 1964, and before June 13, 1966, the rules as set forth in Escobedo are applicable. In Escobedo, supra, the court said:

"We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 U.S. [335,] at 342, 83 S.Ct. 792, at 795, 9 L.Ed.2d 799, at 804, 93 A.L.R.2d 733, and that no statement elicited by the police during the interrogation may be

used against him at a criminal trial." 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

Based upon the testimony of the officers the court found the defendant had been effectively warned of his constitutional right to remain silent, of his right to counsel, and that anything he said could be used against him in court. The police officers testified that no request was made for counsel or to phone for counsel.

The court also found that no threats or promises of immunity were made. The defendant asked the officers whether, if he cooperated, they could make it easier for him. Officer Fields replied that was up to the court, they could make no promises, "only the judge could do that." From these findings, under the rules set forth in Escobedo, the court properly held the statements of the defendant were voluntary. The objections are overruled and the judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.